KANSAS CITY, M. & O. RY. CO. OF TEXAS
v. KIRBY et al.

(Court of Civil Appeals of Texas. Amarillo.
June 22, 1912. Rehearing Denied
Oct. 12, 1912.)

1. EMINENT DOMAIN (§ 197*) — VOLUNTARY
NONSUIT—RIGHT OF OWNER TO DAMAGES—
NOTICE.

Where a railway company instituted a proceeding to condemn land for its right of way, and took possession of the land and proceeded to construct its roadbed across it, and the owner, pending the company's motion to dismiss, filed an answer specifically pleading damages because of the condemnation and appropriation, and the court subsequently granted the motion of dismissal on the express condition that it was without prejudice to the owner's claim for damages, the company was properly charged with notice of the answer and proceedings assessing damages thereunder, so that, if the court had jurisdiction, the company could not complain of the judgment awarding damages as rendered without notice.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 527; Dec. Dig. § 197.*]

2. EMINENT DOMAIN (§ 197*) — VOLUNTARY
DISMISSAL—RIGHT OF OWNER TO DAMAGES—
JURISDICTION OF COURT.

The court, on granting the motion of a railroad company, which has started to condemn land for its right of way, to dismiss the proceeding, retains jurisdiction to hear and determine the question of the damages sustained by the owner, occasioned by the company taking possession and proceeding to construct its railroad, irrespective of the amount of the damages.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 527; Dec. Dig. § 197.*]

Appeal from District Court, Wilbarger County; P. A. Martin, Judge.

Action by the Kansas City, Mexico & Orient Railway Company of Texas against R. H. Kirby and another. From a judgment for defendants, plaintiff appeals. Affirmed.

H. S. Garrett, of San Angelo, and L. W. Allred, of Chillicothe, for appellant. Cecil Storey and L. P. Bonner, both of Vernon, for appellees.

PRESLER, J. This suit was brought in the district court of Wilbarger county, Tex., to enjoin the collection of a judgment rendered in the county court of said county on January 15, 1910, in favor of the appellee R. H. Kirby and against the Panhandle & Gulf Railway Company, of which company appellant is the legal successor, on the ground that said judgment was void; that the county court did not have jurisdiction to render the same; and that appellant had no notice of the rendition of said judgment, or of the pendency in said court of appellee's claim for damages. The case was tried before the court on September 25, 1911, resulting in a judgment dissolving the injunction and dismissing the suit, from which said judgment appellant duly appeals, and here insists that the county court of Wil-

barger county was without jurisdiction, either of the person of the appellant, or of the subject-matter in controversy, and that the judgment complained of is void, and that the court therefore erred in dissolving the injunction.

It appears from the evidence: That the suit in the county court of Wilbarger county, in which the judgment here sought to be enjoined was brought by the Panhandle & Gulf Railway Company (the legal predecessor of appellant) to condemn a right of way across certain lands in Hardeman county belonging to the appellee, and that the commissioners of condemnation assessed damages in the sum of $600 in favor of appellee. That he appealed to the county court of said county, and appellant then deposited the sum of $1,200 and took possession of the right of way under the statute, and proceeded to construct across appellee's land and premises its roadbed. That the issue between appellee and appellant was tried twice in the county court of Hardeman county, and upon appeal to the Court of Civil Appeals was reversed and remanded, and the venue was afterwards changed to Wilbarger county, where it was again tried and again appealed to the Court of Civil Appeals and again reversed, and was pending on the docket of said county court on September 28, 1908, when appellant filed a motion to dismiss the condemnation proceedings, on the ground that it had changed its line and wished to abandon the route over the plaintiff's lands. That this motion to dismiss was taken under consideration by the court on the 5th day of October, 1908, on which said date appellee filed his amended answer, specifically setting out the damages claimed by him on account of the condemnation of his said land and the construction of plaintiff's roadbed thereon. That the court, after hearing said motion and the objections thereto, took the same under advisement, and thereafter, on October 23, 1908, sustained said motion of appellant by order entered in said cause, which in part is as follows: "It is therefore ordered, adjudged, and decreed by the court that the plaintiff, the Panhandle & Gulf Railway Company, take a nonsuit, and the same is here ordered, without prejudice, however, to the defendant R. H. Kirby's cross-action and claim for damages." That thereafter, on the 15th day of January, 1910, after several continuances of said cause, the same came on for trial, and appellee appeared, offered evidence of his damage, which was heard by the court, and judgment was thereupon rendered in appellee's favor for the sum of $1,500. No appearance seems to have been made for appellant; nor does it appear from the record that after presenting its motion to dismiss its said condemnation suit that appellant took any

further notice of, or gave any attention to, said cause. Appellant earnestly contends that it had no notice of the filing of appellee's amended answer, and of the pendency of appellee's claim and cross-action against it for damages growing out of the condemnation of appellee's land and the construction of appellant's roadbed thereon.

[1] The evidence is conflicting as to whether or not appellant, through its attorneys, knew of the filing of appellee's said amended answer; but, having considered the entire evidence with reference to this question of notice, we are of the opinion that there was sufficient evidence adduced, both as to actual and constructive notice of appellee's cross-bill and claim for damage, to sustain the judgment of the trial court dissolving the injunction. The record shows appellee's amended answer to have been filed on October 5, 1908, and that appellant's motion to dismiss was then pending, and was not disposed of until October 23d thereafter, and that the order of the court granting said motion expressly provided that the motion was granted without prejudice to appellee's cross-action and claim for damages; and we are of the opinion that appellant is properly charged with notice of the pleadings filed and proceedings had in said cause.

[2] Appellant having in said suit instituted a proceeding to condemn the right of way over appellee's land, and taken possession of said right of way thereunder and proceeded to construct its roadbed across appellee's said land, and appellee having filed his amended answer, specifically pleading his damages because of said condemnation and appropriation of his said land before the order had, granting appellant's motion to dismiss its condemnation suit, we are of the opinion that appellant could not, by thus taking a voluntary nonsuit, upon this state of the record, deprive appellee of his right to be heard in said court and in said suit for his damage; and that the court, notwithstanding said nonsuit granted, retained jurisdiction to hear and determine the question of said damage, irrespective of the amount of the same. Howard v. McKenzie, 54 Tex. 189; Cunningham v. Wheatly, 21 Tex. 184; Williams v. Williams, 38 S. W. 261; Cyc. vol. 15, pp. 942, 943; Revised Statutes, art. 4471, as amended by the act of 1899, p. 105, Sayles' Supp. subd. 3, p. 477; City of El Paso v. Coffin, 40 Tex. Civ. App. 54, 88 S. W. 502; G., C. & S. F. Ry. Co. v. Tacquard, 3 Willson, Civ. Cas. Ct. App. § 141.

We therefore conclude that no reversible error is shown in the judgment appealed from, dissolving the injunction, and that the same should be in all things affirmed; and it is accordingly so ordered.

HALL, J., not sitting.