**CULLIGAN SOFT WATER SERVICE,**
Appellant,

v.

The STATE of Texas, Appellee.

No. 14297.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 25, 1964.

Rehearing Denied Dec. 30, 1964.

Clemens, Knight, Weiss & Spencer, Theo. F. Weiss, F. N. Welmaker, San Antonio, for appellant.

Waggoner Carr, Atty. Gen., T. B. Wright, Watson C. Arnold, F. William Colburn, Asst. Attys. Gen., Austin, for appellee.

MURRAY, Chief Justice.

This is an eminent domain proceeding brought by the State of Texas against Culligan Soft Water Service to condemn, for highway purposes, a leasehold interest in certain lands located in Bexar County and fully described in the pleadings. The proceedings were instituted on October 14, 1958; special commissioners were appointed, and made their award on November 25, 1958, in the sum of $12,003.00. The State timely filed its objections to the amount of the award on December 5, 1958, and on May 14, 1959, deposited the amount of the award in the registry of the County Court, subject to the order of condemnee. On June 4, 1959, condemnee filed a pleading in the County Court, bearing the style and number of this cause, asking the court to allow it to withdraw the award without prejudice to its right to contest the case in the future, which permission was granted by a written order of the court. Thereafter condemnee withdrew the award. No citation was issued or served on condemnee, nor was anything further done in the case until, on February 28, 1963, counsel for condemnor wrote to counsel for condemnee asking for an agreed setting of the case for May 13, 1963. Thereafter, settings for May 13, 1963, and August 26, 1963, were passed for the convenience of condemnee and its counsel. Citation was issued on May 15, 1963, and on September 19, 1963, condemnee filed a motion to dismiss the cause on the grounds of abandonment. This motion was heard and overruled by the

court on September 30, 1963, and on that same day the case went to trial before the court and resulted in a final judgment decreeing to the State the leasehold interest in the land sought by it, fixing the amount of condemnee's damages at $8,000.00, awarding a judgment against condemnee in the sum of $4,003.00, being the amount that the deposit, withdrawn by condemnee, exceeded the damages, and containing the usual provisions of a judgment of this nature. From that judgment Culligan Soft Water Service has prosecuted this appeal. It is stated by appellee that the appeal is only from the order overruling the motion to dismiss, but this is not true. Such an order is interlocutory, and no appeal can be taken from it.

There is no complaint as to the trial on the merits. The only complaint made by appellant relates to the action of the trial court in overruling appellant's motion to dismiss the cause on the grounds that it has been abandoned by condemnor.

■ The first thing that occurs to us is whether this is such a cause of action that should be dismissed in its present condition, for want of prosecution. If the trial court had granted the motion it would have created a confused situation. The State had filed its objections to the award of the commissioners, thus transforming the theretofore administrative proceeding into a judicial proceeding. Such action had the further effect of wiping out entirely the award of the commissioners and preventing any judgment from being entered, based upon such award. This is made plain by Sections 6 and 7 of Art. 3266, Vernon's Ann. Civ.Stats. 22 Tex.Jur. p. 372, § 259, p. 385, § 271. It is only where no objections are filed under the provisions of Sec. 6 that Sec. 7 comes into operation. 22 Tex. Jur.2d p. 366, § 252. The award of the commissioners neither divests the landowner of title to his property, nor renders the condemnor liable for the damages assessed. These things can only be done by a decree of the County Court. 22 Tex.Jur.2d p.

371, § 258. When objections to the award of the commissioners have been filed by either party under the provisions of Sec. 6, supra, the findings of the commissioners are wiped out and a trial de novo is contemplated and required. Milam County v. Akers, Tex.Civ.App., 181 S.W.2d 719, error ref. Under the provisions of Art. 3268, Vernon's Ann.Civ.Stats., the State was authorized to deposit the amount of the commissioners' award in the County Court, subject to the order of the condemnee, City of Houston v. Biggers, Tex.Civ.App., 380 S.W.2d 700; Nichols, The Law of Eminent Domain, 2d Ed., § 26.42, p. 192, and take possession of the land sought to be taken, subject to further litigation, and the condemnee could accept this sum so tendered or deposited in the court, without prejudice to its right to further litigation in the cause, and under such circumstances the State holds the land on a temporary basis, and condemnee holds the money on the same temporary basis, subject to a final judgment rendered upon a trial de novo. Thomas v. Housing Authority of City of Dallas, 153 Tex. 137, 264 S.W.2d 93; City of San Antonio v. Astoria, 67 S.W.2d 321.

If the trial court had granted appellant's motion to dismiss the cause, it would have left the parties where they were before the condemnation proceedings were begun, with the exception that the State would be in temporary possession of the land, without any title, and the condemnee would be in possession of the award on a temporary basis, without any permanent right to the money. The creation of such a situation is unthinkable.

■ It has been held that the condemnor who has deposited the money and taken the land under the provisions of Art. 3268, supra, will not be permitted to take a voluntary non-suit, even if he desires to do so, unless he abandons the condemnation project and returns the land to the condemnee. Brazos River Conservation & Reclamation Dist. v. Allen, 141 Tex. 217, 171 S.W.2d 847; Thompson v. Janes, 245 S.W.

2d 718, aff. 151 Tex. 495, 251 S.W.2d 953; Kansas City M. & O. R. Co. v. Kirby, 150 S.W. 228, error ref. If the condemnor will not be permitted to take a voluntary nonsuit, he should not be required to take an involuntary one.

It occurs to us that where, as here, the State has instituted eminent domain proceedings, the commissioners have fixed the amount of the award to be paid to the condemnee, the State has filed its objections to the amount of the award, within the time allowed by law, has deposited the amount of such award in the County Court, subject to the order of condemnee, has taken the land and used it, presumably for highway purposes, and condemnee has withdrawn such award from the registry of the court, it could hardly appear that the State has abandoned its suit, unless and until it fully restores the land to the condemnee, receives back the amount of the deposit, and entirely abandons the project for which the proceedings were instituted. There is nothing herein to indicate that the State intends to restore the land to condemnee and abandon its project, or that the condemnee intends to return the money it has withdrawn from the registry of the court.

Under such circumstances it would be improper to permit the State to dismiss the cause, much less for the court to require the State to do so. For the reasons pointed out, a condemnation proceeding pending in the County Court is different in many respects from an ordinary civil suit and cannot well be governed by the ordinary rules of dismissal for abandonment applied to ordinary civil actions.

Appellant made the motion to dismiss, and the burden was upon it to show by the evidence that the cause should be dismissed for want of prosecution. This motion was addressed to the judicial discretion of the trial court. Bevil v. Johnson, 157 Tex. 621, 307 S.W.2d 85; Howeth v. Davenport, Tex.Civ.App., 311 S.W.2d

480. The trial court overruled the motion to dismiss, and unless the court abused its discretion in doing so, its action should not be disturbed. Unless the evidence shows conclusively as a matter of law that the State had abandoned its cause of action, the trial court did not abuse its discretion.

Appellant, by its two points, contends that the trial court erred because the State did not introduce evidence showing that it had not in effect abandoned its cause. The rule is to the contrary. The condemnee having made the motion to dismiss on the grounds of abandonment, had the burden of establishing the facts alleged in the motion, and unless condemnee offered evidence conclusively showing abandonment, the court did not err in overruling the motion. If condemnee offered evidence tending to establish abandonment, it only raised a fact issue addressed to the judicial discretion of the court, and its ruling thereon will not be disturbed.

As to the State's failure to cause citation to issue, condemnee waived the necessity for the issuance of a citation by filing a pleading in the cause for an order of the court to permit it to withdraw the money deposited in the court without prejudice to its right to proceed with the suit. Rule 121 Texas Rules of Civil Procedure; Investors Diversified Services, Inc. v. Bruner, Tex.Civ.App., 366 S.W.2d 810.

It is true that condemnee could have withdrawn the deposit without appearing, but it elected to file its written pleadings in the case and ask for an order of the court, and by doing so entered its appearance in the case. In filing this pleading under the style and number of the case, condemnee demonstrated that it had notice of the pending suit. 22 Tex.Jur. p. 377, § 263.

Condemnee filed no objections to the award, and the only objection filed by the State related to the amount of the award,

therefore, the only matter to be determined in the case was the amount of the damages condemnee had suffered by reason of the taking, and especially is this true where the condemnee has withdrawn, from the registry of the court, the deposit made by the condemnor. 22 Tex.Jur., p. 380, § 266.

The trial court properly overruled the motion to dismiss, and accordingly the judgment is affirmed.