TEXAS RESOURCES, INC., et al., Appellants,

v.

DIAMOND SHAMROCK CORPORATION, Appellees.

No. 8316.

Court of Civil Appeals of Texas, Beaumont.

June 28, 1979.

James W. Christian, Houston, for appellant.

W. C. McClain, Conroe, for appellees.

CLAYTON, Justice.

This is an eminent domain proceeding brought by Diamond Shamrock Corp., appellee, against Texas Resources, Inc., and Julian Hawes, appellants (and others who are not parties to this appeal), to condemn an easement for pipeline purposes upon and across certain lands in Montgomery County.

The petition for condemnation was filed by appellee in the County Court of Montgomery County. After the Commissioners were appointed and qualified, they gave notice of the hearing and, on July 24, 1970, made their award which was properly filed on July 27, 1970. On August 10, 1970, appellants filed their objections and exceptions to the award; on August 27, 1970, they filed amended objections and exceptions. No citation was issued and served upon appellee, nor was any further action taken in the case until June 11, 1976, at which time appellants filed written interrogatories which were served upon appellee. These interrogatories were not answered. On May 30, 1978, appellants filed a motion to compel answers. Appellee answered this motion August 28, 1978, setting forth that, subsequent to the filing of such interrogatories, appellants had abandoned their appeal from the award of the commissioners, and appellees moved for a dismissal of such appeal.

On June 27, 1978, this cause was transferred, upon appellants' motion, to the 9th District Court of Montgomery County. On September 22, 1978, the trial court heard the motions to compel and to dismiss. On December 13, 1978, the trial court entered its order dismissing appellants' "appeal" from the commissioners' award. The court further ordered that the award of the commissioners, dated July 24, 1970, be entered of record in the County Clerk's Office of Montgomery, Texas. Appellants' motion for new trial and motion to reinstate the cause were overruled.

Appellants' first point complains of the trial court's abuse of discretion in "finding that appellants failed to act with reasonable and/or due diligence in prosecuting their suit. . . ."

An intent to abandon is not a part of the test for a trial court to apply in passing upon a motion to dismiss for lack of prosecution. The sole test is whether the case was prosecuted with due diligence. See *Bevil v. Johnson*, 157 Tex. 621, 307 S.W.2d 85 (1957); *Callahan v. Staples*, 139 Tex. 8, 161 S.W.2d 489 (1942); *Missouri Pacific Railroad v. Liberty County Water Control & Improvement District No. 6*, 483 S.W.2d 50 (Tex.Civ.App.—Beaumont 1972, writ ref'd n. r. e.). A party who files a petition must prosecute his claim to judgment with reasonable diligence. If he fails to do this, the court has the inherent power to dismiss his claim for want of diligence in its prosecution. The matter rests in the sound discretion of the trial court. *Bevil v. Johnson*, supra; *Pollok v. McMullen Oil & Royalty Co.*, 383 S.W.2d 837 (Tex.Civ.App. —San Antonio 1964, writ ref'd).

In the case at bar, when appellants filed their objections and exceptions to the award of the commissioners, the filing became a cause pending in the County Court. Such a cause so filed should be tried and determined as in other civil cases. The appellee became the plaintiff, and appellants became the defendants. Although appellants were defendants in the case, they had the burden of causing the issuance of citation and obtaining service of such citation upon appellee.

Even though appellee had the burden of proving its right to condemnation and the burden of going forward to trial, it was under no legal obligation to do so unless and until it had been served with citation. *Denton County v. Brammer*, 361 S.W.2d 198 (Tex.1962).

The record before us clearly establishes that upon the filing of the objections and exceptions to the commissioners' award in 1970, a period of approximately eight years elapsed until the date of the dismissal order. During this period of time, citation had not been issued or served upon appellee. The only activity undertaken by appellants prior to the filing of appellee's motion to dismiss was the filing of appellants' written

interrogatories, approximately six years after the filing of their objections and exceptions, and the filing of their motion to compel, two years after the filing of their written interrogatories. Appellee had never been served with citation and was under no legal obligation to respond thereto. Based upon these facts, the trial court found and held that appellants did not exercise due diligence and that such failure to do so were adequate grounds to dismiss the suit for failure to prosecute it with due diligence. We hold that such finding and conclusion was not an abuse of discretion. See *Reed v. Reed*, 158 Tex. 298, 311 S.W.2d 628 (1958); *Bevil v. Johnson*, supra; *Petroleum Refining Co. v. McGlothlin*, 429 S.W.2d 676 (Tex. Civ.App.—Eastland 1968, writ ref'd n. r. e.); *Farr v. Jefferson Amusement Co.*, 396 S.W.2d 434 (Tex.Civ.App.—Texarkana 1965, writ dism'd); *Moss v. State*, 361 S.W.2d 408 (Tex.Civ.App.—Eastland 1962, no writ).

At the time of the hearing on appellee's motion to dismiss, appellants did not offer any evidence in an attempt to explain their unreasonable delay in the prosecution of their case. The circumstances of this case with reference to unreasonable delay and lack of due diligence raises a rebuttable presumption of abandonment and lack of due diligence. Appellants' failure or refusal to offer proof showing good reason for such delay causes the presumption to become conclusive, and the motion for dismissal should have been granted. See *Denton County v. Brammer*, supra; *Bevil v. Johnson*, supra; *Missouri Pacific Railroad v. Liberty County Water Control & Improvement District No. 6*, supra. This point is overruled.

In Appellants' second point complaint is made that the trial court erred in denying appellants the opportunity to "explain their undue delay" in the prosecution of this case. The record before us reflects appellants' motion to compel answers to interrogatories was filed on June 1, 1978. On August 28, 1978, appellee filed its answer to such motion and included therein its motion to dismiss appellants' case. On that same date, appellants were advised by the District Clerk's Office that a hearing on the motion to compel answers was set for September 22, 1978. Appellants had twenty-five days advance notice of the hearing date. On the date of the hearing, the record reflects appellants and appellee announced ready for the hearing. During the course of the hearing, appellants argued their motion to compel, and appellee argued its motion to dismiss. Presumably, appellants knew they were in a position of being required to offer evidence in excusing their long delay. They offered no such evidence and did not attempt to offer any. At the conclusion of the hearing, the court indicated he would grant appellee's motion to dismiss, at which time appellants, for the first time, asked "for a re-setting so I may bring in witnesses. . . ." The court then stated, "I am not going to reset it for another hearing." The trial court did not refuse to hear or to consider any evidence offered by appellants. At the conclusion of the hearing, the court refused to "reset it for another hearing". Appellants had ample notice of the hearing and opportunity to prepare for the hearing. Even though they did not have any witnesses present at the hearing, they announced ready and proceeded to hear the motions. They offered no evidence and did not attempt to offer any evidence. The trial court did not refuse to hear any evidence. After the conclusion of the hearing, the court merely refused to reset it for another hearing. We find no error in the court's action. We recognize the rule to be, as stated in our discussion under appellants' first point, that whenever the question arises as to due diligence upon a motion to dismiss, the plaintiff has the right to be heard to explain, if he can, his delay in prosecuting his suit. Appellants were given a hearing on their motion to compel and appellee's motion to dismiss, and appellants were given the right to offer evidence as to their excuse for undue delay, but did not exercise such right. They chose, after learning of the trial court's indication to grant the motion to dismiss, to present any evidence they may have had at a later time at another hearing. In this connection, we point out that appellants

526

subsequently filed their motion to reinstate · the cause, and at the time of hearing such motion, on January 5, 1979, they made no offer of any evidence as to any excuse for the unreasonable delay in prosecuting their case. Again they chose not to exercise their right to offer evidence as to their excuse for delay. This point is overruled.

In view of our disposition of appellants' first two points, the remaining points 3, 4, and 5 are without merit and are overruled.

Finding no error, the judgment of the trial court is affirmed.

AFFIRMED.