**Robert DEANNE, Appellant,**

v.

**Janice M. DEANNE, Appellee.**

**No. 10–84–170–CV.**

Court of Appeals of Texas, Waco.

March 7, 1985.

James A. Endicott, Jr., Killeen, for appellant.

William B. Ray, Copperas Cove, for appellee.

HALL, Justice.

Appellant Robert Deanne brought this appeal from a no-answer default divorce decree in favor of his wife appellee Janice M. Deanne. The decree awarded appellee a divorce, divided the parties' property, awarded custody of their two children to appellee, and ordered child support to be paid by appellant. At the time service of process was attempted against appellant, he was a member of the Army, stationed in Europe. The judgment recites that appellant received process by substi-

tuted service which the record shows was authorized by the trial court under the provisions of Rule 106 and 108, Vernon's Tex.Rules Civ.Proc. However, the record shows without dispute that appellant never received such process and that at the trial appellee asserted and relied upon "actual notice" of the divorce suit by appellant as vesting jurisdiction in the court to hear the case. Appellant asserts that such actual notice was not sufficient to satisfy the service of process required by the rules, and we agree. Where a defendant has not been served in the manner required by law the court's jurisdictional power to act in the case, both in rem and in personam jurisdiction, is not invoked notwithstanding actual notice of the suit on the part of the defendant. This includes both the in rem and in personam aspects of a divorce action. *Heth v. Heth*, 661 S.W.2d 303, 304–5 (Tex. App.—Fort Worth 1983, writ dism.); *Matter of Marriage of Peace*, 631 S.W.2d 790, 794 (Tex.App.—Amarillo 1982, no writ).

Appellant's first point of error is sustained. The judgment is reversed and this cause is remanded for trial.