**The STATE of Texas, Appellant,**

v.

**Charles Lee ELLISON and Wife, Glena Juanell Ellison, Appellees.**

**No. 01–88–01200–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

March 22, 1990.

Rehearing Denied April 26, 1990.

Jim Mattox, Atty. Gen., Mary F. Keller, First Asst. Atty. Gen., Lou McCreary, Executive Asst. Atty. Gen., Richard Naylor, Randall M. Ward and Mark Hopkins, Asst. Attys. Gen., for appellant.

Karl C. Hoppess, Houston, for appellees.

Before EVANS, C.J., and MIRABAL and DUNN, JJ.

## OPINION

MIRABAL, Justice.

This is an appeal from an order entered in an eminent domain proceeding dismissing the State's objections to a condemnation award of special commissioners, reinstating and adopting the condemnation award, and vesting fee simple title in the State to certain land in Brazos County, Texas.

On September 30, 1985, the State filed a petition for condemnation of specifically described property, consisting of 1.808 acres in Brazos County. The land was owned by Charles Lee Ellison and his wife, Glena Juanell Ellison (the Ellisons), but county property records indicated that the First National Bank and Garrett Engineering

also had an interest in the land.[1] According to the petition, the State sought title to the property in order to construct roadway improvements to a state highway in the county. The court appointed three special commissioners in accordance with Tex. Prop.Code Ann. sec. 21.014(a) (Vernon 1984) to assess the damages to the Ellisons. The commissioners held a hearing on November 22, 1985, and, as a result of that hearing, awarded $118,134.72 jointly to the Ellisons, First National Bank, and Garrett Engineering.

On December 9, 1985, the State filed objections to the commissioners' award in accordance with Tex.Prop.Code Ann. sec. 21.018(a) (Vernon 1984). It is undisputed that the State did not serve a citation or other notice on the Ellisons, as required by section 21.018(b). The State deposited the amount of the award with the court on December 23, 1985, to enable it to take possession of the property in question as provided in Tex.Prop.Code Ann. sec. 21.-021(a)(2) (Vernon 1984). The Ellisons filed a motion to withdraw the funds on December 26, 1985; the motion was granted, and the Ellisons received a check for the funds on the same day, December 26, 1985.

The next activity in the case occurred two years later, when the State filed interrogatories and a request for production of documents on December 9, 1987. The State filed a motion to compel the Ellisons to answer such interrogatories and to produce such documents at the end of March 1988. The record indicates that the court sent a notice of setting of hearing on the motion to the Ellisons and their attorney on or about April 20, 1988. Following the hearing on May 11, 1988, at which the Ellisons were not present, the court granted the motion and ordered sanctions against the Ellisons if they did not justify, within 15 days, their failure to appear. The State sought, and was granted, a trial setting for August 29, 1988. The record indicates that the court sent a notice of setting of a final pretrial hearing to be held on August 29, 1988, to the Ellisons and their attorney on or about June 24, 1988.

On July 11, 1988, the Ellisons filed a plea to jurisdiction, a plea in abatement and, subject thereto, an original answer. They claimed that the court lacked jurisdiction of the matter because the State had failed to serve a citation on them. Because of the lack of citation, they maintained they were not required to respond to the interrogatories and request for production. They further claimed that the State had failed to properly prosecute the cause of action for two and one-half years and, therefore, had abandoned it. On August 5, 1988, the Ellisons filed a motion to strike the State's objections and exceptions and a motion for dismissal for want of prosecution. A hearing was held on the Ellisons' motions and pleas on August 5, 1988. On August 31, 1988, the trial judge entered an order of dismissal. The trial judge entered findings of facts and conclusions of law on October 5, 1988, which recited, in part, as follows:

### FINDINGS

. . . .

11. The State of Texas took no action, to either issue citation or serve the Condemnees with its objections and exceptions filed herein during the period of time, between its filing of same on December 9, 1985, and the date of the hearing to dismiss on August 5, 1988.

12. The Condemnees had not been served with process, accepted or waived process, or entered actual or constructive appearance in this cause, prior to filing their Pleas and Motion.

. . . .

### CONCLUSIONS

1. The Condemnees can withdraw the deposit made by the Condemnor, regardless of whether objections have been filed.

2. By such withdrawal, the Condemnees were merely precluded from contesting the Condemnor's right to take.

3. The Condemnees did not waive their constitutional and statutory rights, to citation and service by such withdrawal.

1. First National Bank and Garrett Engineering are not parties to this appeal.

4. The filing of the Condemnees' Motion to Withdraw Funds, and withdrawal of those funds which had been deposited pursuant to § 21.021(a)(1) of the Texas Property Code in the administrative proceedings does not constitute a general appearance in this cause of action.

5. The State of Texas having filed objections and exceptions was required to obtain the issuance of citation, and thereafter to obtain service upon the Condemnees in accordance with § 21.018 of the Texas Property Code.

6. The failure by the State of Texas to either obtain service, upon the Condemnees or obtain waiver of service, or prosecute, or pursue this cause of action for a period of over two years, constitutes a lack of reasonable diligence; therefore, the State of Texas has abandoned its objections and exceptions and it has failed to properly prosecute this case as a matter of law.

The State asserts 18 points of error. Points of error one through six can be summarized as: the trial court erred, as a matter of law, in dismissing the cause on the ground that it lacked in personam jurisdiction over the Ellisons, because the Ellisons' withdrawal of funds constituted a general appearance giving the court jurisdiction. Points of error seven through nine concern whether the trial court erred, as a matter of law, in concluding that the condemnation proceedings were never converted into a formal cause of action. Points of error 10 through 18 generally relate to the claim that the trial court abused its discretion in finding that the State had abandoned its cause of action by failing to prosecute it between the end of December 1985 and early December 1987.

There are two controlling issues in this case: (1) did the Ellisons waive service of citation; and (2) did the trial court abuse its discretion in dismissing the cause for want of prosecution and abandonment.

We begin our analysis by briefly summarizing the condemnation procedures set

forth in the Texas Property Code.[2] An entity with the authority to condemn begins a condemnation proceeding by filing a petition in the proper court. The judge of a court in which a petition is filed or to which an eminent domain case is assigned must appoint three disinterested freeholder residents of the county as special commissioners to assess the damages of the owner of the property being condemned. After giving notice, the commissioners must hold a hearing at which evidence of the damages is presented. Once the commissioners have filed their findings, including the amount to be awarded to the landowner, any party to the condemnation proceeding that objects to the findings may file such objections with the court. The condemnor may object to the award as being excessive. The condemnee may contest the condemnor's power to condemn the property or object to the award as insufficient. If objections are filed, the party filing them must "cite" the adverse party and try the case in the manner of other civil causes. The condemnor may take possession of the condemned property, pending the results of further litigation, if the condemnor pays the award (which was determined by the commissioners) to the landowner, pays the award into the court's registry subject to the order of the property owner, or deposits a bond or surety in the amount of the award with the court, as elected by the condemnor. The words "subject to the order of the property owner" have been construed to mean that a landowner may withdraw the deposit. *Thomas v. Housing Auth.*, 153 Tex. 137, 140, 264 S.W.2d 93, 95 (1954), *cert. denied*, 348 U.S. 818, 75 S.Ct. 29, 99 L.Ed. 645 (1954).

Upon the filing of objections by either party, the special commissioners' award is vacated and the administrative proceeding converts into a normal pending cause in the trial court, with the condemnor as plaintiff and the condemnee as defendant. *Denton County v. Brammer*, 361 S.W.2d 198, 200 (Tex.1962). If the object-

2. *See* Tex.Prop.Code Ann. secs. 21.011–21.018 (Vernon 1984), sec. 21.019 (Vernon 1984 & Supp.1990), secs. 21.020–21.041 (Vernon 1984), sec. 21.042 (Vernon 1984 & Supp.1990), secs. 21.042–21.065 (Vernon 1984).

ing party fails to secure service of citation on the other party within a reasonable period of time, the trial court should dismiss the objections for want of prosecution, and should also reinstate the special commissioners' award. *See Amason v. Natural Gas Pipeline Co.*, 682 S.W.2d 240, 242 (Tex.1984). Once the service of citation is accomplished, however, the special commissioners' award cannot be reinstated. *Id.*

■ It is uncontroverted that, although the State filed an objection to the special commissioners' award, it did not have a citation or other notice served on the Ellisons. The controlling issue here is whether, by filing a motion to withdraw the funds that the State had deposited in the court's registry, and obtaining an order permitting withdrawal, the Ellisons made an appearance in the cause for all purposes and waived citation.

In support of its position, the State cites *Culligan Soft Water Service v. State*, 385 S.W.2d 613 (Tex.Civ.App.—San Antonio 1964, writ ref'd n.r.e.), which involved similar facts. There, in eminent domain proceedings, the State timely filed its objections to the amount of the award, and thereafter deposited the amount of the award into the registry of the county court, subject to the order of the condemnee. The condemnee then "filed a pleading in the County Court, *bearing the style and number of this cause,* asking the court to allow it to withdraw the award without prejudice to its right to contest the case in the future," which permission was granted by a written order of the court. 385 S.W.2d at 614. The condemnee withdrew the award. No citation was issued or served on the condemnee, nor was anything further done in the case until almost four years later when the State set the case for trial and served the condemnee with citation. The condemnee thereafter filed a motion to dismiss the case on the grounds of abandonment; the trial court overruled the motion and the case went to trial.

On appeal, the court held that the trial court did not abuse its discretion when it overruled the motion to dismiss, noting:

As to the State's failure to cause citation to issue, condemnee waived the necessity for the issuance of a citation by filing a pleading in the cause for an order of the court to permit it to withdraw the money deposited in the court without prejudice to its right to proceed with the suit.... In filing this pleading *under the style and number of the case,* condemnee demonstrated that it had *notice of the pending suit.*

385 S.W.2d at 616 (emphasis added).

The present case can be distinguished from *Culligan* in that here there is no way to conclude that, because the Ellisons filed a motion to withdraw the funds *under the style and number of the case,* they must have had notice of the objections filed by the State. This is so because, in this Brazos County eminent domain case, the cause number and style of the case did not change in any respect when the State filed objections, even though the case changed from an administrative proceeding to a judicial proceeding upon the filing of objections. The State acknowledges that, if it had *not* filed objections to the special commissioners' award, but instead merely deposited the amount of the award into the court's registry, the Ellisons would have been entitled to file the exact same motion they filed in this case to withdraw the funds, stating the same cause number and style, and the court could have entered an order granting the motion, all as part of the *administrative* proceeding, as opposed to a judicial proceeding.

It is clear that the Ellisons had no actual notice that the State had filed objections to the award until two years after they had withdrawn the award. Furthermore, the Ellisons were not put on constructive notice of the objections by a change in the style or cause number of the case. We hold that, under the facts of this case, the mere filing of their motion to withdraw did not demonstrate that the Ellisons had notice of the pending suit, or that they invoked the judgment of the court as opposed to an administrative order of the court. Therefore, we hold that their filing of the motion to withdraw funds did not constitute a general

appearance amounting to a waiver of service of process. *See Smith v. Amarillo Hosp. Dist.*, 672 S.W.2d 615, 617 (Tex.App.—Amarillo 1984, no writ) (the nature and quality of a party's activities must be examined to determine whether a party has made a voluntary appearance amounting to a waiver of service of process).

Numerous cases have stated that the objecting party in an eminent domain case can be deemed to have abandoned the objections, properly resulting in a dismissal for want of prosecution, when the objecting party has failed to serve the other party with citation within a reasonable period of time. *See Amason*, 682 S.W.2d at 242; *Denton County*, 361 S.W.2d at 201; *Hilburn v. Brazos Elec. Power Coop., Inc.*, 683 S.W.2d 58, 59 (Tex.App.—Eastland 1984, writ ref'd n.r.e.); *Stein v. Texas Power & Light Co.*, 619 S.W.2d 39, 40 (Tex.Civ.App.—Fort Worth 1981, writ ref'd n.r.e.); *Texas Resources, Inc. v. Diamond Shamrock Corp.*, 584 S.W.2d 522, 524 (Tex.Civ.App.—Beaumont 1979, no writ).

■ The State failed to serve the Ellisons with process or otherwise give notice of its objections, allowing the Ellisons to withdraw the $118,134.72 award and perhaps spend it, with no idea the award was subject to possible modification. The State waited two years before it filed any other pleadings in the case.[3] Under these circumstances, we hold the trial court did not abuse its discretion when it dismissed the State's lawsuit for want of prosecution and abandonment, and reinstated the special commissioners' award.

We overrule the State's points of error 10, 11, and 12. In view of this ruling, it is unnecessary to discuss the State's remaining points of error.

We affirm the judgment.

## ON MOTION FOR REHEARING

The State has filed a motion to dismiss for want of jurisdiction and a motion for rehearing. We overrule both motions.

■ The State raises a new point of error in its motion for rehearing. It asserts that the judgment of the trial court is interlocutory and not appealable because it failed to dispose of all parties in the cause.

The State never served notice of its objections to the commissioners' award on the Ellisons, First National Bank, or Garrett Engineering. Therefore, the trial court never had in personam jurisdiction over any of the defendants in the judicial proceeding. The trial court's order of dismissal, based on the absence of such in personam jurisdiction and the failure of the State to serve its objections on the defendants within a reasonable time, acted to dismiss the whole case against all parties. *See Denton County v. Brammer*, 361 S.W.2d 198, 200–201 (Tex.1962); *Deanne v. Deanne*, 689 S.W.2d 262, 263 (Tex.App.—Waco 1985, no writ); *Texas Resources, Inc. v. Diamond Shamrock Corp.*, 584 S.W.2d 522, 524–25 (Tex.Civ.App.—Beaumont 1979, no writ).

Accordingly, the State's motion to dismiss and motion for rehearing are overruled.

---

**3.** The State argues that it provided the trial court with a reasonable explanation for the two-year delay: that the trial court had stated it would withhold setting this case, and other cases, for trial during the pendency of the appeal in another case, which appeal was not finished until September 1987. However, the trial court found that this informal "hold" did not justify the State's two-year failure to serve citation on the Ellisons (or the State's failure to at least notify the Ellisons of the fact the State had filed objections to the special commissioners' award). We cannot say that the trial court abused its discretion in so finding.