The STATE of Texas, Appellant,

v.

The Honorable James A. BLACKSTOCK, Judge, County Court at Law Number Three of Brazoria County, Texas, Appellee.

No. B14–93–00731–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 28, 1994.

Rehearing Denied May 26, 1994.

---

Mark Heidenheimer, Oliver Price, Austin, for appellant.

Richard L. McElya, Angleton, for appellee.

Before SEARS and LEE, JJ., and ROBERT E. MORSE, Jr., J., Sitting by Designation.

## OPINION

LEE, Justice.

This is a direct appeal from an order of the 239th District Court of Brazoria County, denying appellant's petition for writ of mandamus. Through the writ of mandamus, appellant, the State of Texas, requested the district judge to order appellee, the county court at law judge, to vacate his "Judgment on the Award." That judgment was rendered after the county court at law judge had granted "death penalty" sanctions by striking appellant's "Objections to the Award of Special Commissioners." We affirm.

This case originated as a land condemnation proceeding. As described in *Amason v. Natural Gas Pipeline Company*, 682 S.W.2d 240 (Tex.1984), the Texas land condemnation scheme is a two-part procedure involving first, an administrative proceeding, and then if necessary, a judicial proceeding. *Id.* at 241. When a party, in this case the state highway commission, desires to condemn land for public use, but cannot agree on settlement terms with the landowner, that party must file a statement seeking condemnation in the proper court. TEX.PROP.CODE ANN. § 21.012(a) (Vernon 1984). The statement or petition should be filed either in the district court or the county court at law of the county in which the land is located. TEX.PROP.CODE ANN. §§ 21.001; 21.013. Upon the filing of this statement, the trial court judge is to appoint as special commissioners, three disinterested freeholders who are residents of the county. The special commissioners assess the damages of the landowner and file an award which reflects their opinion on the value of the condemned land. *Amason*, 682 S.W.2d at 241–42; TEX.PROP.CODE ANN. §§ 21.014–21.016; 21.042. From the time the condemnor files the original statement or petition seeking condemnation, until the time of the special commissioners' award, the proceeding is administrative in nature. *Amason*, 682 S.W.2d at 242; *Lower Nueces River Water Supply District v. Cartwright*, 160 Tex. 239, 328 S.W.2d 752, 754 (Tex.1959); *Pearson v. State*, 159 Tex. 66, 315 S.W.2d 935, 936–37 (Tex. 1958).

If the condemnor is satisfied with the award, it must either pay the amount of the award to the condemnee or deposit that amount in the court's registry. TEX.PROP. CODE ANN. § 21.021(a)(1). If there is dissatisfaction with the special commissioners' award, either party may timely file objections in the appropriate court. TEX.PROP.CODE ANN. § 21.018(a). Upon the filing of the objections, the special commissioners' award is vacated[1] and the administrative proceeding converts into a normal judicial cause in

---

1. Although vacated, the special commissioners' award is subject to reinstatement by the appro-

priate court should the circumstances dictate. *See Amason*, 682 S.W.2d at 242.

the civil court. *Amason*, 682 S.W.2d at 242; *State v. Ellison*, 788 S.W.2d 868, 871 (Tex. App.—Houston [1st Dist.] 1990, writ denied); *Stuart v. Harris County Flood Control Dist.*, 537 S.W.2d 352, 354 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.); Tex.Prop. Code Ann. § 21.018(b).

On June 5, 1989, the State, acting by and through the State Highway and Public Transportation Commission, filed a petition for condemnation with the judge of the County Court at Law of Brazoria County, against the real parties in interest, William L. Sledge, William Rogers Sledge, Attorney-in-Fact for William L. Sledge, and the Estate of Gladys B. Sledge, W. Roger Sledge, Independent Executor. The State sought to acquire 16.451 acres of land for the Gulf Coast Intercoastal Waterway. On June 21, 1989, the county court judge appointed three disinterested freeholders as special commissioners. The special commissioners designated July 20, 1989, as the date for their hearing. *See* Tex.Prop.Code Ann. § 21.015(a) (Vernon 1984). The commissioners also issued to all parties written notice of the time and place of the hearing. *See* Tex.Prop.Code Ann. § 21.-016 (Vernon 1984).

On July 3, 1989, the State filed a second amended petition for condemnation. This second petition continued to plead for the condemnation of 16.451 acres of land. On July 20, 1989, the commissioners' hearing was held pursuant to statute. The next day, the award of the commissioners was handed down and filed with the judge of the county court. The commissioners' award provided for the acquisition and purchase of 16.451 acres at a cost of $76,436.00. On August 14, 1989, the State filed objections to the award of the special commissioners contending that the award was excessive. The case then proceeded as any other civil cause.

On March 16, 1990, almost eight months after the commissioners handed down their award, the State filed a third amended petition for condemnation, which pled for the condemnation of only 4.01 acres of land, not 16.451 acres. This action was taken after the

State discovered that the real parties in interest had record title to only four acres of land. The parties thereafter engaged in discovery. On February 21, 1991, the real parties in interest sent interrogatories to the State. On November 27, 1991, the State returned the interrogatories with objections to four questions and answers to the remaining sixteen. The real parties in interest responded by filing a motion for sanctions. A hearing was held on the motion for sanctions and the trial court ordered the State to answer the objectionable interrogatories. Appellant complied.

On March 23, 1992, the real parties in interest sent a notice to produce to the State. The State then filed its response, objecting to the notice to produce because it related to the 16.451 acres and not the 4.01 acres being condemned through the State's third amended petition for condemnation. The real parties in interest responded by filing a second motion for sanctions and a separate motion to compel. In their second motion for sanctions, the real parties in interest requested the court to strike the State's objections to the commissioners' award and to enter judgment on the award. On June 16, 1992, the trial court granted the motion for sanctions and struck all of the State's pleadings filed after entry of the commissioners' award. Having struck the State's pleadings, the court ruled that there was no appeal from the award on file and ordered the real parties in interest to submit for entry of judgment on the award. The real parties in interest complied and the trial court entered a Judgment on the Award.

On August 13, 1992, the State filed its motion for leave to file petition for writ of mandamus in the First Court of Appeals. The State asked the appellate court to vacate the county court judge's order granting the real parties in interest's motion for sanctions and to reinstate the case. On October 2, 1992, in an unpublished opinion, the First Court of Appeals overruled the State's motion.[2] The State subsequently filed a petition for writ of mandamus in the 239th District

---

2. See *Texas v. Honorable James A. Blackstock, Judge of County Court at Law No. 3 of Brazoria County, Texas,* No. 01–92–00988–CV, 1992 WL 276821 (Tex.App.—Houston [1st Dist.] October 2, 1992).

Court, in Brazoria County. The State again requested the district judge to order the county court judge to vacate the Judgment on the Award and to reinstate the case as a civil case. Following a hearing on April 26, 1993, attended by all parties, the district judge denied appellant's petition for writ of mandamus. An order denying the petition was entered on July 15, 1993. The State now appeals from this order.

The State first contends that the district court erred in denying its petition for writ of mandamus, because the county court judge abused his discretion in making various findings contrary to the record. In his order granting the real parties' in interest motion for sanctions, the county court judge made the following findings:

1) Defendants filed their first Interrogatories to Plaintiff on February 21, 1991.

2) Plaintiff refused to respond to said Interrogatories until Defendants filed their Motion to Compel and at hearing thereon, September 25, 1991, the Court ordered the State of Texas to answer Defendants' Interrogatories on or before December 2, 1991.

3) Defendants filed their First Motion for Sanctions which were heard on the 24th day of January, 1992 and this Court ordered Plaintiff to "fully and completely answer Defendants' Interrogatories ..." on or before Friday, February 28, 1992.

4) Plaintiff's response when made, was not full and complete but evasive, made for the purpose of delay, with the intent to deny Defendants the opportunity to prove material fact.

5) Defendants filed their Notice to Produce on the 23rd day of March, 1992.

6) That Plaintiff's response to Defendant's Motion to Produce, filed April 16, 1992, abuses the discovery process, is frivolous, oppressive, harassing and made expressly for the purpose of delay, and secreting relevant fact from Defendants and the Court.

7) That Plaintiff in its Motion to Transfer intentionally and knowingly made a false assertion of fact to this Court in an attempt to falsely establish a predicate for equity.

8) That the improper and offensive conduct of Plaintiff is attributable to both counsel and party Plaintiff.

9) That Plaintiff had a full hearing in which both sides appeared and presented extensive expert testimony before qualified special commissioners.

The State contends that the county court's fourth and sixth findings are not supported by the record. The court's fourth finding concerned responses made to four interrogatories. The trial court had previously overruled appellant's objections to the interrogatories and ordered them to be answered. The State claims that examination of its answers to the interrogatories reveals that they were not made with the purpose of delay or the intent to be evasive; instead, they were answered fully and completely.

The court's sixth finding concerned the State's responses to the real parties' notice to produce. The State contends that their responses were not an abuse of the discovery process because the record establishes that the real parties in interest made a judicial confession through the filing of their motion to withdraw funds, that they owned 4.01 acres, and not 16.451 acres, and that they were entitled to rely upon that judicial confession. Therefore, any request dealing with lands not included in the 4.01 acres was outside the scope of proper discovery. The State therefore concludes, that the county court abused its discretion in making its fourth and sixth findings, and that the district court erred in denying appellant's petition for writ of mandamus.

■ The issue before this court is whether the district court erred in denying mandamus relief to appellant. To hold that the district court erred, we must first determine that the county court abused its discretion in making its fourth and sixth findings included in its order granting the real parties in interest's motion for sanctions. Because appellant has not provided this court with a sufficient record to show error requiring reversal, we overrule appellant's contention. *See* TEX. R.APP.P. 50(d).

The record before this court suggests that the county court imposed discovery sanctions on the State after conducting an evidentiary hearing in which argument was heard and exhibits admitted. The county court's own order states that, "the Court having entertained argument of counsel, interrogated counsel, and considered pleadings, motions, exhibits and evidence offered...[is] of the opinion that [the State] has abused the discovery process....." The record contains no statement of facts of the proceedings before the county court. Nor is there a record of evidence presented to the county court. The State argues that no statement of facts was requested because the trial judge heard no additional testimony *at the hearing in which he rendered the order denying petition for writ of mandamus.* However, that hearing was before the district court and is of no concern to this court in our consideration of appellant's point of error. Instead, it is the hearing before Judge Blackstock of the county court, that is determinative of whether the county court abused its discretion in making its fourth and sixth findings. Absent a complete record, the State has failed to demonstrate error on the part of the county court judge. In the absence of any showing of error in the county court, we are unable to hold that the district court erred in denying mandamus relief.

█ The State's second contention is bifurcated. It first complains of the county court's granting of the motion for sanctions. It then complains about the county court's signing of the judgment on the award.

It is undisputed, that when the objections to the award of commissioners was timely filed by the State, the administrative condemnation proceeding converted into a civil case. Likewise, it is undisputed that the order granting the real parties in interest's motion for sanctions was rendered by the county court while the case was a civil case. The State argues that once the motion for sanctions was granted, and its objections were struck, the case reverted back to an administrative case, and was an administrative case at the time the county court signed the judgment on the award. The State maintains, citing *Pearson v. State,* 315 S.W.2d 935, that it was precluded from complaining about the rendition of the judgment on the award through a direct appeal, because there were no longer objections to the award on file. In *Pearson,* the court stated that an order directing that the award be recorded and making the award the judgment of the court does not constitute a judgment in a civil case, and that there is no right to appeal therefrom. 315 S.W.2d at 938. The State further claims that because the Rules of Civil Procedure do not apply to the administrative phase of a condemnation proceeding,[3] it could not seek mandamus relief on the signing of the judgment on the award.

The State's argument is that the county court granted sanctions in its judicial capacity and entered judgment on the award of commissioners, in an administrative capacity. That argument assumes that once judicial jurisdiction attaches pursuant to TEX.PROP. CODE ANN. § 21.018(b), it can be destroyed by implementation of the Rules of Civil Procedure. We do not agree.

Once a condemnation proceeding is transformed to a civil case by the timely filing of objections to the award of commissioners, the court upon which jurisdiction is bestowed, has full judicial jurisdiction at its disposal. This includes the authority granted by TEX. R.CIV.P. 215(2)(b)(5). It cannot be said that the imposition of sanctions allowed by Rule 215 divests the court of its judicial power.

Appellant's reliance on *Pearson* is also misplaced. The rule that a county court's entry of judgment on an award is not appealable, is applicable only where *no objections to the commissioners' award were ever filed.* See *Olin Corporation v. Coastal Water Authority,* 849 S.W.2d 852 (Tex.App.—Houston [1st Dist.] 1993, no writ) (holding that appellate review was available after the trial court

---

**3.** The Supreme Court in *Nunn v. New,* 148 Tex. 443, 226 S.W.2d 116 (Tex.1950), held that, in promulgating the rules of civil procedure, it was not attempting to prescribe rules for the government of any procedure, except that pertaining to judicial proceedings. It was acting under a statute which conferred upon it the authority to promulgate rules of practice and procedure in civil actions only. *Id.* 226 S.W.2d at 117.

struck objections to a condemnation award and rendered judgment on the award); *Stuart v. Harris County Flood Control Dist.,* 537 S.W.2d 352 (appeal was entertained by this court after the county court struck objections to the award and entered judgment on the award). This is not the case here. The State filed objections and the case was converted into a civil case, and jurisdiction of the court attached, pursuant to TEX.PROP. CODE ANN. § 21.018(b). We know of no rule allowing for reversion back to an administrative case, as the State proposes, once judicial jurisdiction attached. Appellant's final contention is overruled.

The judgment of the district court denying appellant's petition for writ of mandamus is affirmed.