

CHIEF JUSTICE
JAMES T. WORTHEN

JUSTICES
SAM GRIFFITH
DIANE DeVASTO

CLERK
CATHY S. LUSK

CHIEF STAFF ATTORNEY
MARGARET HUSSEY

# TWELFTH COURT OF APPEALS

July 14, 2004

Mr. Michael E. Starr
Hommel & Starr, P.C.
3304 South Broadway
Suite 202
Tyler, TX 75701

Mr. Thomas H. Buchanan
Flowers, Davis, PLLC

12021 E.S.E. Loop 323
Suite 200

RE:  Case Number:              12-03-00170-CV
     Trial Court Case Number:  45,962-A

Style:  City of Tyler, Texas
        v.
        Timothy L. Beck and Susan G. Beck

Enclosed is a copy of the Opinion issued this date in the above styled and numbered cause. Also enclosed is a copy of the Court's judgment.

Very truly yours,

CATHY S. LUSK, CLERK

By: _Katrina McClenny_
     Katrina McClenny, Chief Deputy Clerk

CC:     Hon. John Ovard
        Hon. Randall L. Rogers
        Ms. Judy Carnes

# NO. 12-03-00170-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CITY OF TYLER,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 2 OF* |
| *TIMOTHY L. BECK AND*<br>*SUSAN G. BECK,*<br>*APPELLEES* | § | *SMITH COUNTY, TEXAS* |

## *OPINION*

The City of Tyler (the "City") appeals the trial court's judgment in a condemnation proceeding reinstating the special commissioners' award to Timothy L. Beck and wife, Susan G. Beck (the "Becks"). The City contends, in a single issue, that the trial court abused its discretion in dismissing objections to the special commissioners' award for want of prosecution. We affirm.

### BACKGROUND

On October 26, 2001, the City filed a petition in condemnation against the Becks to condemn real property to construct a sanitary sewage drainage line. The county court at law judge appointed three special commissioners to assess damages in accordance with Texas Property Code, section 21.014(a). Following a hearing on December 27, 2001, the special commissioners entered an award for the Becks in the amount of $45,816.00.

On January 14, 2002, the City filed objections to the special commissioners' award, in accordance with Texas Property Code, section 21.018(a), but it did not serve the Becks with citation, as required by Texas Property Code, section 21.018(b). Later in January the Becks filed their objections to the commissioners' award, but also failed to serve the City with citation.

The City and the Becks sparred over discovery until October 2002, when the Becks filed a

special appearance, plea to the jurisdiction, and motion to dismiss. Among other contentions, the Becks stated that, if an objecting party fails to secure service of citation on the other party within a reasonable period of time, the trial court should dismiss the objection for want of prosecution, and then reinstate the special commissioners' award. *See State v. Ellison*, 788 S.W.2d 868, 871-72 (Tex. App.–Houston [1st Dist.] 1990, writ denied). The City filed a response to the Becks' pleading and among other contentions stated "the appropriate remedy according to *Ellison* and other cases, is the dismissal of all appeals and reinstatement of the commissioners' award."

The county court at law held a hearing on the Becks' motion on January 10, 2003. On March 11, the trial court signed an order dismissing the case for want of prosecution and further ordering that the award of the special commissioners in the amount of $45,816.00 be entered as the judgment of the court. On April 9, the City filed a motion for new trial and a verified motion to reinstate. The trial court held a hearing on both motions on May 5. No further action was taken by the trial court, which resulted in the two motions being overruled by operation of law. The City timely appealed the March 11 order.

## STANDARD OF REVIEW

We review a dismissal for want of prosecution under a clear abuse of discretion standard. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997). The test for abuse of discretion is whether the court acted without reference to any guiding rules and principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

## CONDEMNATION PROCEEDINGS

The City's sole issue is whether the trial court abused its discretion by dismissing its objection to the special commissioners' award due to a lack of prosecution. The City argues that the trial court based the dismissal of its objection on the fact that the City never obtained service of citation on the Becks after filing its objection. The City submits that service of citation on the Becks was not necessary because the Becks themselves had objected to the award of the special commissioners.

In Texas condemnation proceedings, there is an administrative component that must be completed before a civil trial in a court of law can occur. *See* TEX. PROP. CODE ANN. §§ 21.013,

2

21.014 (Vernon 2004). When settlement terms cannot be reached between a condemnor, such as the City, and landowners, such as the Becks, the condemnor must file a statement in condemnation in the proper court of the county where the land is located. TEX.PROP.CODE ANN. §§ 21.001, .012, .013 (Vernon 2004). After the statement is filed, the trial court appoints three special commissioners who conduct hearings, assess the damages, and file awards reflecting their opinion of the value of the land. TEX.PROP.CODE ANN. § 21.014-.016 (Vernon 2004). If satisfied with the special commissioners' award, the condemnor may either pay the amount to the landowner or deposit the amount into the registry of the court. TEX. PROP. CODE ANN. § 21.021(a)(1) (Vernon 2004).

Any party who is dissatisfied with the special commissioners' award is allowed a certain amount of time within which to file objections. TEX. PROP. CODE ANN. § 21.018(a) (Vernon 2004). Upon filing an objection and obtaining service of citation upon the opposing party, the administrative proceeding is converted into a normal civil case. *See* TEX. PROP. CODE ANN. § 21.018(b) (Vernon 2004); *see also* **Musquiz v. Harris County Flood Control Dist.**, 31 S.W.3d 664, 666-67 (Tex. App.–Houston [1st Dist.] 2000, no pet.). In other words, the filing of objections coupled with service of citation on the adverse party signals the end of the administrative proceeding and prevents reinstatement of the special commissioners' award. **State v. Carlton**, 901 S.W.2d 736, 738 (Tex. App.–Austin 1995, no writ).

We emphasize that the service of citation on the opposing party is the key event for a condemnation proceeding to be converted from an administrative proceeding to a civil case. Without the service of citation, the condemnation remains an administrative proceeding. *See id.* The procedures set forth in the condemnation statute must be strictly followed and its protections liberally construed for the benefit of the landowner. **John v. State**, 826 S.W.2d 138, 140 (Tex. 1992).

## DISMISSAL FOR WANT OF PROSECUTION

The trial court has inherent authority to dismiss any case before it for want of prosecution. *See* **Villarreal v. San Antonio Truck & Equip.**, 994 S.W.2d 628, 630 (Tex. 1999). No party in a condemnation proceeding is under a legal obligation to go forward with a civil trial unless and until it has been properly served with citation. *See* **Amason v. Natural Gas Pipeline Co.**, 682 S.W.2d 240, 243 (Tex. 1984) (citing **Denton County v. Brammer**, 361 S.W.2d 198, 200 (Tex. 1962)). If the objecting party fails to secure service of citation on the other party within a reasonable period of

3

time, the trial court should dismiss the objections for want of prosecution, and should also reinstate the special commissioners' award. *Ellison*, 788 S.W.2d at 871-72. In the case before us, both parties agreed that this was the law and there was no evidence to show that any party had been served in the manner required by section 21.018(b). *See* TEX. PROP. CODE ANN. § 21.018(b).

The City contends that the Becks submitted to the jurisdiction of the trial court for civil trial purposes by filing their objection to the special commissioners' award. The City supports this contention with the case of *Longino v. State*, 385 S.W.2d 901, 903-04 (Tex. Civ. App.–Tyler 1965, writ ref'd. n. r. e.). However, *Longino* is distinguishable because there the State had obtained service of citation upon the landowners. *Id.* at 902. As we discussed earlier, service of citation is the key to a condemnation being transformed from an administrative proceeding to a civil case to be decided in a court of law.

On the facts before us, we cannot conclude that the trial court acted arbitrarily or unreasonably when it determined that this matter should be dismissed for want of prosecution for the City's failure to obtain service of citation. Therefore, we hold that the trial court did not abuse its discretion in dismissing this case for want of prosecution and reinstating the award of the special commissioners. The City's sole issue is overruled.

### DISPOSITION

The judgment of the trial court is *affirmed*.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered July 14, 2004.
*Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.*

(PUBLISH)

4



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

## JUDGMENT

**JULY 14, 2004**

## NO. 12-03-00170-CV

**CITY OF TYLER,**
Appellant

V.

**TIMOTHY L. BECK AND
SUSAN G. BECK,**
Appellees

---

Appeal from the County Court at Law No. 2
of Smith County, Texas. (Tr.Ct.No. 45,962-A)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being inspected, it is the opinion of this Court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **BE IN ALL THINGS AFFIRMED** and that all costs of this appeal are hereby adjudged against the appellant, **CITY OF TYLER**, for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.*