**H. S. MOSS, Appellant,**

**v.**

**STATE of Texas, Appellee.**

**No. 3749.**

Court of Civil Appeals of Texas.

Eastland.

Oct. 12, 1962.

Locke, Purnell, Boren, Laney & Neely, Dallas, for appellant.

Wayne Burns, County Atty., Big Spring, Tom I. McFarling, Asst. Atty. Gen., Austin, for appellee.

WALTER, Justice.

This is a condemnation case. H. S. Moss, the condemnee, was awarded $14,242.40 by the Special Commissioners on February 15, 1954. On February 23, 1954, Moss' first attorney filed objections to the award, however, no citation was ever issued or served. Apparently Moss' first attorney represented him until April 7, 1961, at which time Hon. Wayne O. Woodruff was employed. Woodruff prepared an order to withdraw the award, which was signed by the Judge on April 24, 1961. The court dismissed the case for lack of prosecution on June 1, 1961. Moss filed a motion and an amended motion for reinstatement, and the county attorney filed motions to correct the judgment and for a judgment nunc pro tunc. On March 30, 1962, the court heard evidence on Moss' motion and the State's motions and overruled the condemnee's motion for reinstatement and granted the State's motions.

Moss has appealed from such judgment and contends the court erred by entering said judgment and abused its discretion by failing to grant his motion for reinstatement.

Attorney Woodruff testified to facts that had transpired since his employment. We will now consider the period of time from February 23, 1954, the date on which Moss' first attorney filed objections to the award, to April 7, 1961, when Woodruff was employed. This is a period of over 7 years. A fair summary of Woodruff's testimony on cross-examination is as follows: Neither Moss nor his first attorney made any effort to secure a trial during said 7 years period. The case had just been in limbo. He did not know of anything which would excuse or justify the case remaining on the docket more than 7 years without some action. So far as he knew, there were no peculiar facts or circumstances which would necessitate such an extended delay. It was inconceivable to him.

Mr. Little, Moss' business manager, testified he was employed by Moss during said 7 year period. He further testified that no preparation was made by Moss or his first attorney during such time to try the case and no effort was made to have the case set for trial. He knew of no particular facts which would justify the case remaining static on the docket for over 7 years.

■ No citation was ever issued or served. When Moss filed objections to the award of the Commissioners, the condemnation proceedings became a cause pending in the County Court of Howard County. It was Moss' burden to have citation issued and served. Until Howard County was served with citation, it was under no legal obligation to go to trial. See Denton County v. Brammer, Tex., 361 S.W.2d 198.

■ Granting or refusing the motion for reinstatement rested in the sound discretion of the court, subject to review. It now becomes a question of law for us to determine if there was a clear abuse of discretion. See Bevil v. Johnson, 157 Tex. 621, 307 S.W.2d 85. In Callahan v. Staples, 139 Tex. 8, 161 S.W.2d 489, the court said:

"Therefore, it becomes expedient to examine the rule of practice, sometimes called the rule of 'discontinuance', as same has been developed in this State by a long line of decisions. Such rule as so developed and applied may be explained in these words: Where the defendant in a suit is called to answer and has responded to the call, the duty devolves on the plaintiff to proceed in prosecuting the suit to a conclu-

sion with reasonable diligence, and whenever a delay of an unreasonable duration occurs, such delay, if not sufficiently explained, will raise a conclusive presumption of abandonment of the plaintiff's suit, and a discontinuance results. However, since the discontinuance must be based on a factual situation involving lack of due diligence, same does not and cannot become effective until the basic facts are adjudicated by the court. Whenever the hearing for such adjudication is had, the plaintiff has the right to be heard to explain, if he can, his delay in prosecuting his suit."

■ The court's duty was to first determine whether the case had been on file without action for an unreasonable length of time. If he concluded that it had, then it became his duty to give Moss an opportunity to explain his delay. The court heard evidence relative to the factual situation regarding diligence. Moss did not testify and his first lawyer did not testify. The court, in effect, held that Moss' case had been on file without action for an unreasonable length of time and that he had offered no good reason for such delay. This raised a conclusive presumption of abandonment of his cause of action. See Denton County v. Brammer, supra.

In the Denton County case, Brammer filed timely objections to the award. About 7 years thereafter, Brammer filed amended objections. No citation was ever issued or served. In the majority opinion the court said:

· "The question of law presented to this Court by Denton County is: Whether the trial court abused its discretion in failing to hold that the circumstances of the unexplained failure of Brammer to cause citation to issue, and the undisputed evidence that Brammer waited for a period of five years after having withdrawn the $800.00 deposit (the award of the Commissioners) before obtaining a setting and trial of his claim for compensation and damages, raised a conclusive presumption that Brammer had abandoned his objections."

The majority held that the court did abuse its discretion in failing to hold that the circumstances raised a conclusive presumption that Brammer had abandoned his objections.

In the dissenting opinion in the Denton County case the court said:

"The true question before this Court is not whether as a matter of law Brammer abandoned his objections to the award of the special commissioners, but is whether the trial judge abused his discretion in overruling and in not sustaining Denton County's motion to dismiss the objections."

and held:

"No opportunity has been offered Brammer to present evidence to the trial judge to explain his undue delay in the respects mentioned, and the trial judge, therefore, has had no opportunity to exercise his discretion in adjudicating the basic facts of the discontinuance. I would reverse the judgments of the courts below and would remand the cause to the trial court with directions to hear such evidence as Brammer may care to offer on the motion to dismiss."

The majority and the dissenting opinion cite with approval Callahan v. Staples, supra. We have concluded that the court followed the rule announced in the Callahan case and the Denton County case and, by giving Moss an opportunity to present evidence relative to diligence, he also complied with the holding of the dissenting opinion in the Denton County case. We have concluded that the court did not abuse its discretion in failing to grant Moss' amended motion for reinstatement.

■ When the case was dismissed the rights of the parties returned to the status they held immediately subsequent to the award of the special commissioners and

before objections were filed. In the dissenting opinion in the Denton County case, supra, the court said:

"If good reason for his delay is not shown by Brammer, his objections should be dismissed and judgment should be entered on the award just as though no objections had been filed."

When Moss' objections were dismissed it became the ministerial duty of the County Judge to cause the commissioners' award to be entered in the minutes of the County Court. The delay in recording the commissioners' award was not the fault of either party. Our Supreme Court has held that such act is purely ministerial as distinguished from a judicial act. In the case of Pearson v. State, 159 Tex. 66, 315 S.W. 2d 935, the court said:

"Section 7 of Art. 3266 requires the county judge, if no objections are filed within ten days, to cause the award to be recorded in the minutes and make the same the judgment of the court. No jurisdiction is conferred upon the court to do anything more than accept and adopt the award as its judgment, and this follows by operation of law and the ministerial act of the county judge. There is nothing which the court, as distinguished from the county judge in his administrative capacity, can hear and determine by the exercise of its judicial powers. It seems clear to us, therefore, that an order directing that the award be recorded and making the same the judgment of the court does not constitute a judgment in a civil case, and that there is no right of appeal therefrom. This conclusion is inescapable in view of the provisions of Arts. 3266 and 3268, and is also consistent with our holdings in Parker v. Ft. Worth & D. C. Ry. Co., 84 Tex. 333, 19 S.W. 518, and Fortune v. Killebrew, supra [86 Tex. 172, 23 S.W. 976]. See also Temple v. Riverland Co., Tex. Civ.App., 228 S.W. 605, (no writ) and 28 Texas Law Rev. 112."

We have concluded that the performance of such ministerial duty by the judge was proper.

We have examined all of appellant's points and find no merit in them and they are overruled.

The judgment is affirmed.