**Gussie HILBURN et al., Appellants,**

**v.**

**BRAZOS ELECTRIC POWER COOPERATIVE, INC.,**
**Appellee.**

**Nos. 11–84–187–CV, 11–84–188–CV.**

Court of Appeals of Texas,
Eastland.

Nov. 29, 1984.

Rehearing Denied Jan. 10, 1985.

Richard D. Coan, Coan & Terrill, P.C., Stephenville, for appellants.

Patrick D. Millar, Waco, for appellee.

DICKENSON, Justice.

Brazos Electric Power Cooperative, Inc. sought to condemn easements across two tracts of land[1] for the erection and maintenance of an electric power transmission line. Brazos filed its petitions on March 17, 1971. The District Judge appointed Special Commissioners on March 17, 1972. The condemnation hearing was held on April 13, 1972, and the Awards were signed on that date. Brazos made the deposits and payments required by law, filing cost bonds on April 26, 1972. The landowners filed their objections to the awards on April 28, 1972, sending copies of those pleadings to the attorney of record for Brazos. No formal citations were issued and served, but Brazos concedes that it received copies of the objections through the mail. On June 28, 1974, Brazos wrote the District Clerk about each of these cases, tendering surety bonds in the amount of both awards, and requesting a return of the cash deposits ($637.50 and $2,890.00). No pleadings were filed in connection with the substitution of the surety bonds for the cash deposits, and no orders were entered. Even though the electric power transmission line was built, these condemnation cases lay dormant on the docket of the trial court for over 11 years after the objections were filed. On October 6, 1983, the landowners' attorney requested trial settings. On October 13, 1983, Brazos filed motions, asking the Court to dismiss the landowners' objections and adopt the awards of the Special Commissioners as the Judgments of the Court. After a nonjury hearing and the filing of trial briefs by all parties, the trial court granted Brazos' motions and entered judgments on May 2, 1984, which adopted the awards of the Special Commissioners as the Judgments of the District Court. The landowners appeal. We affirm.

Brazos cites *Denton County v. Brammer*, 361 S.W.2d 198 (Tex.1962), and *Moss v. State*, 361 S.W.2d 408 (Tex.Civ.App.—Eastland 1962, no writ). It appears clear that the trial court relied upon the holdings in those two cases. Those holdings are also binding upon this court.

This Court said in *Moss v. State*, supra at 409:

No citation was ever issued or served. When (the landowner) filed objections to the award of the Commissioners, the condemnation proceedings became a cause pending.... It was (the party who filed objections) burden to have citation issued and served. Until (the condemning authority) was served with citation, it was under no legal obligation to go to trial.

The Supreme Court's majority opinion in *Denton County v. Brammer* states the applicable rules, supra at 200:

While the condemnor, as plaintiff, had the burden of proving all the essentials necessary to show a right to condemnation, (authorities omitted) and had the burden of going forward to trial, *it was under no legal obligation to do so unless and until it had been served with citation.* (Emphasis added)

\* \* \* \* \* \*

Since the duty devolves upon the (party objecting to the award) to cause the issuance of citation, it seems logical to say that he must act with reasonable diligence.... (The party who filed objections), so far as the citation was concerned, occupied the same status as a cross-plaintiff, and having failed to act with diligence and having failed to offer any explanation for such failure, he abandoned his objections and exceptions as a matter of law.

■ *Denton County* and *Moss* were based upon the statutory requirement found in TEX.REV.CIV.STAT.ANN. art. 3266 which was repealed in 1983 by the enactment of the TEXAS PROPERTY CODE. See Acts 1983, 68th Leg., Chapter 576, effective January 1, 1984. At the time the award was entered and objections filed,

1. The first tract (No. 11–84–187–CV) contains 375 acres, and Mrs. Gussie Hilburn was awarded $637.50 by the Special Commissioners. The second tract (No. 11–84–188–CV) contains 691 acres, and Mrs. Gussie Hilburn and her brother, Henry Ford Davis, were awarded $2,890.00 by the Special Commissioners.

Article 3266 provided that if either party to the condemnation proceeding is dissatisfied with the decision, he may "file his objection thereto in writing, setting forth the grounds of his objection, and thereupon the *adverse party shall be cited* and the cause shall be tried and determined as in other civil causes." While the present statutory provision [TEX.PROP.CODE ANN. sec. 21.018 (Vernon 1983 Pamphlet)] reads somewhat differently, the code states that it was a revision of the statutes "without substantive change." Consequently, the holdings in *Denton County* and in *Moss* remain valid, and they determine our decision in this case.

Appellants argue that this is a "case of first impression" and that those two authorities are distinguishable in that those landowners had drawn down the awards, whereas these appellants have not. That distinction is present, but the Supreme Court did not make it the test. In fact, the landowners in *Denton County* allowed two years to elapse before they withdrew the award and then waited another five years before requesting a setting. Even after the award was withdrawn, the Supreme Court said the burden remained on the condemnor of "going forward to trial"; however, "it was under no legal obligation to do so unless and until it had been served with citation." *Denton County v. Brammer,* supra at 200. The dissenting opinion and the concurring opinion did not take

issue with this holding, and it is binding upon us.

All three points of error are overruled.[2]

The judgments of the trial court are affirmed.

## ON REHEARING

The Supreme Court discussed *Denton County v. Brammer,* supra, in an opinion which was announced after our decision in this case. See *Amason v. Natural Gas Pipeline Company,* 682 S.W.2d 240 (1984), where the unanimous opinion quoted *Brammer's* statement that the condemnor "was under no legal obligation to (go to trial) unless and until it had been served with citation." In *Amason* the landowners secured a waiver of citation from the condemnor. The landowners in this case did not secure a waiver of citation from Brazos, and no pleadings were filed by Brazos which would constitute an appearance waiving the necessity of citation.

The motions for rehearing are overruled.

---

**2.** Identical points of error were filed in each case. They are quoted in full:

POINT OF ERROR NO. 1: The trial court is in error because granting relief to the Condemnor by the entry of judgments without trial or opportunity to be heard, even if many years after the suit in condemnation is filed, is erroneous in that it improperly places a burden on the Condemnees who have filed objections to the taking and contest the right of the Condemnor to take the property and have maintained such position by refusing to take the money deposited at the taking; as the Condemnor never absolved itself from the burden of the whole case and the burden of going to trial.

POINT OF ERROR NO. 2: The trial court is in error in that it has abused its discretion in refusing to proceed to trial in the cases at bar

in that a formal burden of citing is no more or less onerous than the responsibility on the whole case and the burden of going to trial and a balance of equities and the full discretion of the Court should allow both parties to proceed to resolve these issues by trial rather than by summary proceedings.

POINT OF ERROR NO. 3: The trial court is in error because the taking of the property by the Condemnor in this case has been done without ever having proved the right to take, although same has been an issue at all times, and no waiver of that issue has occurred in that the Condemnee has, at all times, refused and to this date refuses to take down the cash deposit and having elected to do so, the Condemnor has taken the property in violation of the United States Constitution and Constitution of Texas.