George D. GORDON, Appellant,

v.

CONROE INDEPENDENT SCHOOL DISTRICT, Appellee.

No. 09-89-054 CV.

Court of Appeals of Texas, Beaumont.

April 26, 1990.

George D. Gordon, Richard Browne, Browne & Browne, Houston, for appellant.

Eugene J. Pitman, DeLange, Hudspeth, Pitman & Katz, Michael J. Darlow, Houston, James D. Jones, Conroe, Dewitt Fleming, Houston, for appellee.

## OPINION

BURGESS, Justice.

Conroe Independent School District ("CISD") instituted eminent domain proceedings against George D. Gordon, appellant, and others not involved in this appeal. On December 11, 1979, the special commissioners awarded $45,013 to the owners of the condemned property. The attorney ad litem for many of the defendants filed an objection to the award on December 21, 1979. George D. Gordon filed his objections to the award contesting CISD's right to condemn on December 26, 1979. An intervention adding two new parties was filed on August 8, 1980. On March 18, 1981, CISD filed its "Plaintiff's Second Amended Statement", which referred to all the defendants and intervenors, and prayed that upon final hearing the court "assess damages in accordance with the award heretofore made by the Special Commissioners and for such other proceedings, orders and judgments as may be necessary." The certificate of service contained the names and addresses of all of the attorneys who had filed objections to the award on behalf of the condemnees.

The trial court placed the case on the dismissal docket on August 8, 1988. CISD filed a motion to enter judgment or alternatively to retain the case on the docket. The motion urged that the condemnees had abandoned their objections by failing to serve CISD with citation and failing to prosecute their cause with reasonable diligence. After a hearing the trial court granted a motion to retain the case on the docket. The order states the motion was Gordon's, although we find no motion by Gordon in the record. On October 5, 1988, CISD filed a pre-trial statement in which it admitted the filing of the objections to the award. CISD apparently appeared at the hearing on the motion and at the pre-trial conference. After CISD filed a brief in support of its motion, the trial court reheard the motion. The final judgment dated November 22, 1988 found the condemnees abandoned their objections to the award, dismissed the objections and interventions, reinstated the commissioners' award, awarded the real property to the school district, and taxed costs against the school district. The trial court denied Gordon's motion to vacate judgment. Only George D. Gordon perfected appeal.

▆ The sole point of error urges the trial court erred in entering the judgment because CISD had entered an appearance and waived issuance of citation. Upon the filing of objections by any party to a condemnation proceeding, the special commissioners' award is vacated and the administrative proceeding converts into a normal pending cause in the trial court, with the condemnor as plaintiff and the condemnee as defendant. *Denton County v. Brammer*, 361 S.W.2d 198 (Tex.1962). When the

condemnee files objections to the commissioners' award, the condemnee has the burden of causing issuance and service of citation upon the condemnor. *Id.* The condemnor has the burden of proving all the essentials necessary to show a right of condemnation and has the burden of going forward to trial. *Id.* When a condemnee properly contests a condemnor's right to condemn by timely filing objections and obtaining waiver of citation, the condemnor bears the burden to go forward and the consequences of abandoning the case. *Amason v. Natural Gas Pipeline Co.* 682 S.W.2d 240 (Tex.1984). Thus, the issue is whether CISD waived service of citation by entering an appearance.

The amended statement filed in 1981 demonstrates that CISD had notice of the filing of both Gordon's and the ad litem's objections. The statement was not filed subject to a motion to dismiss. Filing of a pleading by the non-objecting party demonstrates it has notice of suit and waives the necessity for issuance of citation. *Culligan Soft Water Service v. State,* 385 S.W.2d 613 (Tex.Civ.App.—San Antonio 1964, writ ref'd n.r.e.). Further, the CISD filed a motion alternately seeking dismissal or retention. After it obtained one of the two requested remedies, it freely entered further appearance by attending pre-trial conferences and entering pre-trial statements which were not filed subject to a motion to dismiss. CISD conceded in oral argument that the entire case, including the original commissioners' award, would have been dismissed had its motion to dismiss been granted without first granting its motion to retain the case on the docket. CISD requested and obtained affirmative relief from the trial court. It thus waived formal service. *See Amason,* 682 S.W.2d at 241.

CISD voluntarily appeared in the case without being formally cited and demonstrated it had notice of the judicial suit as opposed to the administrative proceeding. Thus this case is distinguishable from those cases in which there was no appearance by the non-objecting party, *Denton County,* 361 S.W.2d at 198; *State v. Elli-son,* 788 S.W.2d 868 (Tex.App.—Houston [1st Dist.], 1990, n.w.h.); *Texas Resources, Inc. v. Diamond Shamrock Corp.,* 584 S.W.2d 522 (Tex.Civ.App.—Beaumont 1979, no writ); or where the condemnee assumed the burden of going forward to trial by withdrawing the award, *State v. Beever Farms, Inc.,* 549 S.W.2d 223 (Tex.Civ.App.—San Antonio 1977, writ ref'd n.r.e.); *Stuart v. Harris County Flood Control Dist.,* 537 S.W.2d 352 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.).

CISD appeared in the judicial proceeding and therefore had the burden of proceeding with the case. The trial court abused its discretion by placing the consequences of lack of prosecution on Gordon. The point of error is sustained and the judgment of the trial court reversed.

REVERSED AND REMANDED.