**A.G. SKAGGS & Jackie L. Skaggs, Appellants,**

v.

**CITY OF KELLER, TEXAS, Appellee.**

**No. 2–93–261–CV.**

Court of Appeals of Texas, Fort Worth.

July 13, 1994.

Rehearing Denied Aug. 9, 1994.

Vicki Thornton Redden, Dallas, for appellants.

Staples & Hampton, and Carter L. Hampton, Brian K. Davis, Hurst, for appellee.

Before FARRIS, LATTIMORE and DAY, JJ.

## OPINION

DAY, Justice.

A.G. Skaggs and Jackie L. Skaggs (the Skaggs) appeal from the trial court's dismissal of a condemnation proceeding for want of prosecution. We affirm.

On September 15, 1992, the City of Keller, Texas (Keller) filed a petition in condemnation, seeking through eminent domain proceedings to condemn 1.674 acres of the Skaggs' property for public use. The trial court appointed three special commissioners, who set a hearing on the amount of the Skaggs' damages for October 27, 1992. *See* TEX.PROP.CODE ANN. § 21.014 (Vernon 1984). After the hearing, the special commissioners assessed the Skaggs' damages at $90,000.

On November 3, 1992, the Skaggs filed their objections to the special commissioners' damages award, alleging that Keller had neither suggested nor shown any public necessity for taking the entire 1.674 acres and that the award grossly failed to compensate the Skaggs for the property taken. The Skaggs served these objections on the city attorney for Keller on November 4, 1992.

On December 4, 1992, Keller deposited $90,000 into the court registry. In its notice of deposit, Keller referenced the special commissioners' award of $90,000, stated its entitlement to possession of the property upon depositing the $90,000 into the court registry, and asked the trial court to enter an order whereby Keller could enter upon and take possession of the 1.674 acres.

On September 2, 1993, the trial court issued a notice of dismissal, advising the Skaggs and the Keller city attorney that the case would be dismissed for want of prosecution in thirty days if no further action was taken. On October 18, 1993, the trial court dismissed for want of prosecution the Skaggs' objections to the special commissioners' award. In its final order, the trial court recited that the Skaggs had filed their objections to the special commissioners' award but that no further action had been taken. The trial court ordered that Keller was entitled to take possession of the 1.674 acres.

The Skaggs raise two points of error on appeal. In point one, they complain the trial court improperly dismissed the suit because *Keller* had the burden of going forward with the case. In their second point, the Skaggs contend the taking violated their state and federal constitutional rights because Keller never proved its right to take the 1.674 acres.

Turning to point one, the Skaggs assert the trial court's order dismissing the case for want of prosecution improperly places the burden on them to go forward with the case after properly filing their objections to the special commissioners' award. Keller's position is that the trial court properly dismissed the case because the Skaggs never served citation on Keller as required by law.

Once the special commissioners file their award, the condemnor, if satisfied, must either pay the amount of the award to the condemnee or deposit that amount in the court's registry. TEX.PROP.CODE ANN. § 21.021(a)(1) (Vernon 1984); *Amason v. Natural Gas Pipeline Co.*, 682 S.W.2d 240, 242 (Tex. 1984). If the condemnee is dissatisfied with the special commissioners' award, he must timely file his objections in the appropriate court. TEX.PROP.CODE ANN. § 21.018(a) (Vernon 1984); *Amason*, 682 S.W.2d at 242. Upon the filing of objections, the special commissioners' award is vacated and the administrative proceeding converts into a normal cause in the court with the condemnor as plaintiff and the condemnee as defendant. TEX.PROP.CODE ANN. § 21.018(b) (Vernon 1984); *Amason*, 682 S.W.2d at 242.

While the condemnor becomes the plaintiff for the purpose of proving its right to condemn, the condemnee must still secure the service of citation on the condemnor. *Id.*

If the condemnee fails to secure the service of citation on the condemnor within a reasonable period of time, the trial court should dismiss the objections for want of prosecution and should also reinstate the special commissioners' award. *Amason*, 682 S.W.2d at 242. Once the service of citation on the condemnor is accomplished, however, the special commissioners' award cannot be reinstated. *Id.* When a condemnee properly contests a condemnor's right to condemn by timely filing objections *and obtaining waiver of citation*, the condemnor bears the burden of going forward with the case and the consequences of abandoning the case. *Id.* at 243; *Gordon v. Conroe I.S.D.*, 789 S.W.2d 395, 397 (Tex.App.—Beaumont 1990, no writ).

■ In this case, the Skaggs caused a citation to be issued and served on Keller's city attorney. In a suit against an incorporated city, town, or village, citation may be served on the mayor, clerk, secretary, or treasurer. TEX.CIV.PRAC. & REM.CODE ANN. § 17.024(b) (Vernon 1986). Despite its use of the term "may," this statute has been interpreted as setting forth the *only* parties that can accept service on behalf of an incorporated city, town, or village. *City of Mesquite v. Bellingar*, 701 S.W.2d 335, 337 (Tex.App.—Dallas 1985, no writ) (interpreting TEX.REV. CIV.STAT.ANN. art. 2028, § 1, the predecessor to section 17.024(b)). Because the Skaggs secured service on no one other than Keller's city attorney, they did not properly serve Keller. Keller had no duty to go forward with the case until it was properly served.

■ Notwithstanding, the Skaggs assert Keller waived service of citation by filing its notice of deposit with the trial court and by serving interrogatories and a request for production on the Skaggs. The alleged discovery requests are not in the record on appeal, and we will not consider their existence in deciding this issue. Keller's notice of deposit is in the record, however, and thus the controlling issue is whether, by filing that notice and depositing the funds in the court registry, Keller made an appearance in the cause for all purposes and waived citation.

Under the Texas Property Code, after the special commissioners have made an award in a condemnation proceeding, the condem-

nor may take possession of the condemnee's property by one of two methods: (1) pay the amount of the award directly to the condemnee; or (2) deposit the amount of the award into the court's registry. TEX.PROP. CODE ANN. § 21.021(a)(1); *Amason*, 682 S.W.2d at 242. Since these are the only two ways in which a condemnor may take possession of condemned property, we do not believe the condemnor's deposit of funds with the court presupposes that the condemnee has filed its objections to the special commissioners' award, has properly served the condemnor with citation, or that the condemnor has waived service of citation.

Moreover, if the condemnor could not take possession of condemned property and at the same time avoid waiving citation of service except by paying the award directly to the condemnee, the condemnee could prevent dispossession indefinitely—without properly serving the condemnor—by merely refusing to accept the payment tendered by the condemnor. If the notice of deposit and the deposit itself waived service of citation, the condemnor would have to choose between waiting to take possession of the condemned property until after trial on the condemnee's objections or waiving service by taking possession of the property. We do not believe the legislature intended this result.

Keller's notice of deposit in this case is nothing more than a recitation that the statutory requirements have been satisfied, entitling Keller to possession of the 1.674 acres. The filing of this notice and the deposit did not amount to an appearance and a waiver of citation.

Because the Skaggs did not serve Keller when they served the city attorney and because Keller did not waive citation by filing its notice of deposit and depositing the amount of the special commissioners' award into the court registry, we overrule the Skaggs' first point of error. In light of our holding with regard to this point of error, we deem it unnecessary to consider point two.

Keller contends the Skaggs' appeal is frivolous and was brought for harassment, expense, and delay purposes only and asks this court to award it damages. *See* TEX.R.APP.P.

84. We do not believe the Skaggs' appeal is frivolous and decline to award the requested damages.

The trial court's judgment is affirmed.