ACCEPTED
06-16-00026-cv
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
9/7/2016 3:42:44 PM
DEBBIE AUTREY
CLERK

NO. 06-16-00026-CV

IN THE SIXTH COURT OF APPEALS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
9/7/2016 3:42:44 PM
DEBBIE AUTREY
Clerk

JAMES B. BONHAM CORPORATION

Appellant,

V.

CITY OF CORSICANA, TEXAS

Appellee.

APPEALED FROM THE 13TH JUDICIAL DISTRICT COURT
OF NAVARRO COUNTY, TEXAS
Trial Court Case No. 08-17240-CV

---

## APPELLEE CITY OF CORSICANA, TEXAS'S BRIEF

---

Terry Jacobson
State Bar No. 10528000
JACOBSON LAW FIRM, P.C.
733 West Second Avenue
Corsicana, Texas 75110
(903) 874-7117
Fax (903) 874-7321

**ATTORNEY FOR APPELLEE
CITY OF CORSICANA, TEXAS**

**TABLE OF CONTENTS**

**TABLE OF CONTENTS**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

**INDEX OF AUTHORITIES**.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

**I.  SUPPLEMENTAL STATEMENT OF FACTS**.. . . . . . . . . . . . . . . . . . . . . . 1

**II.  SUMMARY OF APPELLEE'S ARGUMENT**.. . . . . . . . . . . . . . . . . . . . . . 2
    *Standard of Review*.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *Procedural Standards in Land Condemnation*.. . . . . . . . . . . . . . . . . . 3
    *No Abuse of Discretion*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**III.  ARGUMENT**.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    **A.  The Trial Court properly granted summary dismissal of the Award of Special Commissioners because Appellant failed to timely cite the Condemnor under TEX. PROP. CODE § 21.018.**. . . . . . . . . . . . . . . 6
    **B.  The Trial Court did not abuse its discretion by dismissing Appellee's objections.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    **C.  The City is not estopped from asserting untimely service for want of prosecution.**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**CONCLUSION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

**PRAYER**.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

**CERTIFICATE OF COMPLIANCE**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

# INDEX OF AUTHORITIES

## CASES

*Amason v. Natural Gas Pipeline Co.*, 682 S.W.2d 240, 242-43 (Tex. 1984). . . 3-6

*Bevil v. Johnson*, 157 Tex. 621, 307 S.W.2d 85, 87 (Tex. 1957). . . . . . . . . . . . . 2, 3

*Callahan v. Staples*, 139 Tex. 8, 14, 161 S.W.2d 489, 491 (1942). . . . . . . . . . . . 3

*City of Hutchins v. Prasifka*, 450 S.W.2d 829, 835 (Tex. 1970). . . . . . . . . . . 10, 11

*Clear Lake City Water Auth. v. Winograd,* 695 S.W.2d 632, 640
(Tex. App.–Houston  [1st Dist.] 1985, writ ref'd n.r.e.). . . . . . . . . . . . . . . . . . . . 11

*Dawson-Austin v. Austin*, 968 S.W.2d 319 (Tex. 1998). . . . . . . . . . . . . . . . . . . . 15

*Denton County v. Brammer*, 361 S.W.2d 198, 200 (Tex. 1962). . . . . . . . . . . . . 3-6

*Enterprise Leasing Co. of Houston v. Harris County Toll Road Auth.,*
356 S.W.3d 85, 90 (Tex. App.–Houston 1st [Dist.] 2011, no pet.). . . . . . . . . . 10, 11

*Exito Electronics Co., Ltd. v. Trejo*, 142 S.W.3d 302, 303 (Tex. 2004). . . . . 16, 17

*Gordon v. Conroe Independent School Dist.*, 789 S.W.2d 395
(Tex. App.–Beaumont 1990, no writ). . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 14, 16

*Hilburn v. Brazos Electric Power Co-Op, Inc.*, 683 S.W.2d 58
(Tex. App.–Eastland 1985, writ ref'd n.r.e.). . . . . . . . . . . . . . . . . . . . . . . . . . 7, 13

*Investors Diversified Services, Inc. v. Bruner*, 366 S.W.2d 810, 815
(Tex. Civ. App–Houston 1963, writ ref'd., n.r.e.). . . . . . . . . . . . . . . . . . . . . . . . 15

*Moore v. Elektro-Mobil Technik GMBH*, 874 S.W.2d 327
(Tex. App.–El Paso 1994, writ denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Polk v. Southwest Crossing Homeowners Ass'n,* 165 S.W.3d 89, 96 (Tex. App.– Houston [14th Dist.] 2005, pet. denied).. . . . . . . . . . . . . . . . . . . . . . . 2

*Rizk v. Mayad,* 603 S.W.2d 773, 776 (Tex. 1980). . . . . . . . . . . . . . . . . . . . . . . 2, 8

*Roberts v. Haltom City,* 543 S.W.2d 75, 78 (Tex. 1976). . . . . . . . . . . . . . 5, 7, 10, 12

*Skaggs v. City of Keller,* 880 S.W.2d 264 (Tex. App.–Fort Worth 1994, writ denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7, 8, 14

*Texas Mut. Ins. Co. v. Olivas*, 323 S.W.3d 266, 272 (Tex. App.–El Paso 2010, no. pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8, 9

*Texas Resources, Inc. v. Diamond Shamrock Corp.,* 584 S.W.2d 522 (Tex.Civ.App.–Beaumont 1979, no writ). . . . . . . . . . . . . . . . . . . . . . . . 3, 12, 13

*Veterans' Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex. 1976). . . . . . . . . . . . 2, 8

*Villareal v. San Antonio Truck & Equipment*, 994 S.W.2d 628, 630 (Tex. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8

## STATUTES

TEX. CIV. PRAC. & REM. CODE § 17.024 (b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

TEX. LOC. GOV. CODE § 251.001. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

TEX. LOC. GOV. CODE § 251.002. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

TEX. PROP. CODE ANN. § 21.001.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

TEX. PROP. CODE § 21.012(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

TEX. PROP. CODE § 21.018. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 12

TEX. PROP. CODE § 21.018(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 18

TEX. PROP. CODE § 21.018(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 9, 10

TEX. PROP. CODE § 21.021(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6

**<u>RULES</u>**

TEX. R. CIV. P. 165a. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8

TEX. R. CIV. P. 165a(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

TEX. R. CIV. P. 165a(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8

# I. SUPPLEMENTAL STATEMENT OF FACTS

The City of Corsicana, Texas (the "City" or "Appellee") provides the following supplemental facts for purposes of completeness to aid the Court in its deliberations. The present case arises from one of multiple land condemnation cases in which the City exercised its powers of eminent domain to construct a water transmission line from Richland Chambers Reservoir to facilities located on and adjacent to Lake Halbert in Navarro County, Texas. CR 4, 7-8; 271, 274-75.

On May 21, 2008, following the Special Commissioners' hearing in the underlying administrative condemnation proceeding, the City deposited $2,900 into the registry of the 13th Judicial District Court of Navarro County, Texas (the "Trial Court") pursuant to the Award of Special Commissioners and TEX. PROP. CODE § 21.021(a)(1). CR 40. James B. Bonham Corporation ("Bonham" or "Appellant"), in both the Statement of the Case and Statement of Facts in Appellant's Brief, asserts that it timely filed Objections to the Special Commissioners' award. Although Appellant asserts that it concurrently transmitted a copy of its objections to Plaintiff's counsel on or about June 12, 2008, citation was never issued or served on the City until January 8, 2016. CR 42-44, 223-24. 250; RR 4-5.

## II. SUMMARY OF APPELLEE'S ARGUMENT

### *Standard of Review*

A trial court's order dismissing the case for want of prosecution is reviewed under a clear abuse of discretion standard. *Texas Mut. Ins. Co. v. Olivas*, 323 S.W.3d 266, 272 (Tex. App.–El Paso 2010, no. pet.). "The trial court's authority to dismiss for want of prosecution stems from two sources: (1) Rule 165a of the Texas Rules of Civil Procedure, and (2) the court's inherent power." *Villareal v. San Antonio Truck & Equipment*, 994 S.W.2d 628, 630 (Tex. 1999); *Veterans' Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex. 1976); *Bevil v. Johnson*, 157 Tex. 621, 307 S.W.2d 85, 87 (Tex. 1957). "A trial court may dismiss under Rule 165a when a case is 'not disposed of within the time standards promulgated by the Supreme Court ...'" TEX. R. CIV. P. 165a(2). *Id.; see also Polk v. Southwest Crossing Homeowners Ass'n,* 165 S.W.3d 89, 96 (Tex. App.– Houston [14th Dist.] 2005, pet. denied).

Accordingly, the trial court has the inherent power to dismiss a case independent of the rules of procedure when the case is not prosecuted with due diligence. *Villareal*, 994 S.W.2d at 630; *see Rizk v. Mayad,* 603 S.W.2d 773, 776 (Tex. 1980); *Williams*, 543 S.W.2d at 90. The trial court's decision should then be reviewed to determine whether the responsible litigant (*i.e.*, Bonham) demonstrated good cause for not prosecuting the case with greater diligence. *Olivas*, 323 S.W.3d

2

at 272 (Tex. App.–El Paso 2010, no pet.) *citing Callahan v. Staples*, 139 Tex. 8, 14, 161 S.W.2d 489, 491 (1942). If not sufficiently explained, a delay of an unreasonable duration raises a conclusive presumption of abandonment. *Amason v. Natural Gas Pipeline Co.*, 682 S.W.2d 240, 242-43 (Tex. 1984); *Denton County v. Brammer*, 361 S.W.2d 198, 200 (Tex. 1962); *Callahan,* 161 S.W.2d at 491. Moreover, an intent to abandon is not part of the test in deciding a motion to dismiss for want of prosecution. *Texas Resources, Inc. v. Diamond Shamrock Corp.,* 584 S.W.2d 522, 524 (Tex.Civ.App.–Beaumont 1979, no writ). "The sole test is whether the case was prosecuted with due diligence." *Id. citing Bevil v. Johnson*, 157 Tex. 621, 307 S.W.2d 85(Tex. 1957); *Callahan* 161 S.W.2d at 491 (1942).

### *Procedural Standards in Land Condemnation*

Land condemnation is a two-part procedure involving an initial administrative proceeding and then, if necessary, a judicial proceeding. *Amason v. Natural Gas Pipeline Co.*, 682 S.W.2d 240, 241 (Tex. 1984). When a condemnor desires land for public use, but cannot agree on terms with the landowner, the condemnor must file a statement seeking condemnation in either the district court or county court at law of the county in which the land is located. *Id. citing* TEX. PROP. CODE ANN. §§21.001; 21.012; 21.013 (Vernon 1984). The City fulfilled this requirement when it filed Plaintiff's Original Statement in Condemnation on April 28, 2008. CR 3-24.

3

"If the condemnee is dissatisfied with the Special Commissioners' award, he must timely file his objections in the appropriate court." *Id. citing* TEX. PROP. CODE § 21.018(a) (*i.e.*, no later than the first Monday following the 20th day after the Special Commissioner's award has been filed). Once the objections are filed, the Special Commissioners' award is vacated, converting the administrative proceeding into a normal court action. *Id. citing Denton County*, 361 S.W.2d at 200; TEX. PROP. CODE § 21.018(b).

Although the City is the plaintiff for the purpose of proving its right to condemn, the objecting party – Bonham – was still required to secure service of citation on the City. *Id.* at 242, *citing Denton County* at 200; TEX. PROP. CODE § 21.018(b). Bonham's failure to serve citation on the City within a reasonable period of time (*i.e.*, over seven and a half years), raised a conclusive presumption that Appellant abandoned its objections. *See Amason*, 682 S.W.2d at 242-243 *citing Denton County* at 199-200. Because Bonham never secured service of citation upon the City, the burden of going forward with the case and the consequences of abandoning it remained with the Appellant. *See Skaggs v. City of Keller,* 880 S.W.2d 264, 266 (Tex. App.–Fort Worth 1994, writ denied) *citing Amason* at 243; *Gordon v. Conroe Independent School Dist.*, 789 S.W.2d 395 (Tex. App.–Beaumont 1990, no writ); *Denton County,* at 201.

4

## *No Abuse of Discretion*

There is no genuine issue of material fact as to the City's right-to-take in the condemnation proceeding. CR 228[1], 249-53; RR 8, l. 12-15, p. 9, l. 20-p. 10, l. 10. The City properly initiated the administrative phase of this condemnation action by filing a petition in compliance with Chapter 21 of the Texas Property Code. *See* TEX. PROP. CODE §21.012(b). The City's Original Statement in Condemnation contains all the requirements set forth in §21.012(b).

The Trial Court properly exercised its discretion in dismissing Bonham's objections for want of prosecution and reinstating the Special Commissioners' award on March 8, 2016. *See Amason* at 242, *citing Denton County*, 361 S.W.2d at 200-01. Nevertheless, Appellant alleges the City is estopped from moving to dismiss the case because the City allegedly led Bonham to believe that it had waived citation under TEX. PROP. CODE § 21.018. In order for the defense of estoppel to apply to a municipality, a statement or some authorized conduct of the City's officials must have led Bonham to believe the City waived citation. *See Roberts v. Haltom City,* 543 S.W.2d 75, 78 (Tex. 1976). No evidence exists in the record that the citation requirement was ever waived by an authorized individual, or that the City led

---

[1]Bonham, without the services of an attorney, filed its own verified Answer admitting the City's right to take. CR 227-29.

Bonham to believe it was waived.

The City therefore respectfully asks this Court to affirm the Judgment of the Trial Court.  CR 249-53.

### III.    ARGUMENT

**A.    The Trial Court properly granted summary dismissal of the Award of Special Commissioners because Appellant failed to timely cite the Condemnor under TEX. PROP. CODE § 21.018.**

From the time the City filed its Original Statement in Condemnation through the time of the Special Commissioners' award, the condemnation proceedings were administrative in nature.  *See Amason v. Natural Gas Pipeline Co.*, 682 S.W.2d  at 242 (additional citations omitted).  After the hearing, the City deposited the award in the Trial Court's registry pursuant to TEX. PROP. CODE §21.021(a)(1).  CR 249. Bonham filed his objections but failed to have citation issued or served.  CR 250.

The City, as condemnor, became the plaintiff for the purpose of proving its right to condemn, but Bonham was still required to obtain service of citation on the City. *See Amason* at 243. When the condemnee fails to serve citation on the condemnor within a reasonable period of time, the trial court should dismiss the objections for want of prosecution and reinstate the Special Commissioners' award. *Id.* at 242, *citing Denton County* at 200-01.

6

Appellee is a Texas home rule municipality with the power and right of eminent domain, as provided by Sections 251.001 and 251.002 of the Texas Local Government Code, and other applicable statutes. And, the law is clear about how to serve a city. "In a suit against an incorporated city, town, or village, citation may be served on the mayor, clerk, secretary, or treasurer." TEX. CIV. PRAC. & REM. CODE § 17.024 (b); *Skaggs v. City of Keller,* 880 S.W.2d at 266. Although the statute uses the term "may," this statute has been nonetheless interpreted as identifying the only persons who can accept service on behalf of a city. *Id.* Service upon any other person is defective. *Id.*

In the present case, the City had no knowledge that Appellant had filed objections until the City's attorney was served with the objections on January 8, 2016, over seven and a half years after the Award of Special Commissioners was filed with the Clerk. RR 3, l. 17-23. There is evidence in the record that the City's attorney was mailed a copy of Appellant's objections. CR 44. But, as noted above, the City's attorney never saw the objections. CR 53, RR 3, l. 17-23. But even if he had seen it, service would still have been defective because no citation was issued and the City's attorney was not authorized to accept or waive citation. *Cf. Roberts v. Haltom City,* 543 S.W.2d at 80. Sending the City's attorney a copy of the objections does not comply with the statute. *Hilburn v. Brazos Electric Co-Op, Inc.*, 683 S.W.2d 58, 59

(Tex. App.–Eastland 1985, write ref'd n.r.e.). Because no one, not even the City's attorney, had been served with citation before January 8, 2016, the City had no duty to pursue the case until that time. *Skaggs v. City of Keller*, 880 S.W.2d at 266. The Trial Court properly granted the City's motion.

**B.  The Trial Court did not abuse its discretion by dismissing Appellee's objections.**

The Trial Court has authority to dismiss a case for want of prosecution under both Rule 165a of the Texas Rules of Civil Procedure and its inherent power. *See* TEX. R. CIV. P. 165a(1)-(2); *Texas Mut. Ins. Co. v. Olivas*, 323 S.W.3d 266, 274 (Tex. App.–El Paso 2010, no pet.); *Villareal*, 994 S.W.2d at 630 (Tex. 1999) (additional citations omitted). Absent a good cause to maintain the case on the docket, the Trial Court was *required* to dismiss the case at the dismissal hearing. TEX. R. CIV. P. 165a(1); *Olivas*, 323 S.W.3d at 274 (emphasis added). The Trial Court found that Bonham failed to obtain service of citation and otherwise prosecute its case with due diligence, so the dismissal was proper as an exercise of the Trial Court's inherent power. *Villareal* 994 S.W.2d at 630; *see Rizk,* 603 S.W.2d at 776; *Williams*, 543 S.W.2d at 90.

The factors a trial court may consider in dismissing a case under its inherent power include:

1.  The length of time the case was on file;

2.  The extent of activity in the case;

3.  Whether a trial setting was requested; and,

4.  The existence of reasonable excuses for delay.

*Olivas*, 323 S.W.3d at 274 (additional citations omitted). As the moving party, the City clearly met its burden in establishing a record to support its contention that the case should be dismissed for want of prosecution. *See Olivas*, 323 S.W.3d at 274. Indeed, Bonham failed to secure service of citation until January 8, 2016. CR 42-44, 223-24; RR 4-5.

Almost eight years passed between the filing of the Original Statement in Condemnation and the hearing on the City's Motion to Dismiss. Although Bonham carried the burden of converting the case to a judicial proceeding and citing the City, the only significant action in the case occurred when the City filed its December 15, 2015 Motion to Render Judgment. There is no evidence a trial setting was requested. Moreover, Bonham offered no evidence of a reasonable excuse for delay in citing the City under TEX. PROP. CODE § 21.018 (b). Having thus heard the City's Motion to Dismiss Objections for Want of Prosecution on March 7, 2016, the Trial Court was well within its discretion to dismiss this case for want of prosecution, thereby reinstating the Award of Special Commissioners entered almost eight years earlier.

9

**C.** **The City is not estopped from asserting untimely service for want of prosecution.**

In Appellant's Brief, Bonham contends that because the City engaged in discovery after the period for filing objections had expired (*i.e.*, June 16, 2008), the City is estopped from asserting untimely service of citation under TEX. PROP. CODE § 21.018(b). Appellant argues that by engaging in discovery, the City led Bonham to believe that it had waived citation, even inferring the City had a duty to place Bonham on notice that Appellee would object to lack of issuance and service after commencing discovery. See APPELLANT'S BRIEF p. 11. The City had no such duty. And there is no evidence in the record that Bonham believed anything – much less that the City had waived citation.

Citing *Roberts v. Haltom City,* Appellant asserts estoppel as an equitable remedy "to prevent inconsistency resulting in injustice, and to protect those who have been misled by that which appears fair." APPELLANT'S BRIEF at p. 11. However, "[a]ffirmative defenses based in equity have been consistently held not to apply when the activity complained of is a governmental function." *Enterprise Leasing Co. of Houston v. Harris County Toll Road Auth.,* 356 S.W.3d 85, 90 (Tex. App.–Houston 1st [Dist.] 2011, no pet.). *See, e.g.*, *City of Hutchins v. Prasifka*, 450 S.W.2d 829, 835 (Tex. 1970). In Texas, the general rule has been that when a unit of government is

exercising its governmental powers, it is not subject to estoppel. *Hutchins,* 450 S.W.2d at 835. Courts have recognized a limited exception in some circumstances when a party raises equitable estoppel. *Enterprise Leasing,* 356 S.W.3d at 90 *citing Hutchins*, 450 S.W.2d at 836. The Texas Supreme Court noted in *Hutchins* that "a municipality may be estopped in those cases where justice requires its application, and there is no interference with the exercise of its governmental functions." *Id.* Estoppel in such instances should be "applied with caution and only in exceptional cases where circumstances clearly demand its application to prevent a manifest injustice." *Id.*

In determining whether justice requires that a party be allowed to pursue its claim of estoppel, the Supreme Court said courts should look at the "totality of the circumstances" that takes into account the conduct of all the parties. *Enterprise Leasing,* 356 S.W.3d at 90. Furthermore, the exception is only to be exercised when "justice, honesty and fair dealing require it." *Id. citing Clear Lake City Water Auth. v. Winograd,* 695 S.W.2d 632, 640 (Tex. App.–Houston [1st Dist.] 1985, writ ref'd n.r.e.). There is no evidence in the record to suggest that justice, honesty and fair dealing require that the City be estopped from urging dismissal.

Bonham's filing of the Objections in June of 2008 converted the administrative proceeding into a judicial one, in which Bonham carried the burden of serving the

11

City with citation, not the other way around. If any party demonstrated a lack of diligence in resolving the case it was Bonham. Once the City deposited the condemnation award in the registry of the Trial Court, it had fulfilled its duties under the law.

Nevertheless, Appellant alleges the City led Bonham to believe that it had waived citation under TEX. PROP. CODE § 21.018. In order for the defense of estoppel to apply to a municipality, a statement, or some other conduct, of the City's officials must have led Bonham to believe the City waived citation. *See Roberts v. Haltom City,* 543 S.W.2d at 78. The official conduct must also be authorized. *Id.* No evidence exists in the record demonstrating that the citation requirement was ever waived, much less by an authorized individual, or that the City said or did anything to mislead Appellant. It is an argument without a factual basis.

Exchanging basic discovery and dealing with simple procedural issues is not the type of authorized statement or conduct to cause an estoppel to arise. In *Texas Resources, Inc. v. Diamond Shamrock Corp.*, 584 S.W.2d 522 (Tex.Civ.App.–Beaumont 1979, no writ), a condemnor filed a petition in condemnation, had commissioners appointed and deposited the commissioner's award with the district clerk in August of 1970. *Id.* at 524. No citation was issued and no further action was taken until 1976, when the condemnees served written interrogatories on the

12

condemnor. *Id*. The interrogatories were not answered and, in May of 1978, the condemnees filed a motion to compel answers. The Court dismissed the case after condemnor responded by filing a motion to dismiss. *Id.*

Similarly, in *Hilburn v. Brazos Electric Power Co-Op, Inc.*, the condemnor filed its condemnation petition in 1971, had commissioners appointed in 1972 and deposited the award in 1972. 683 S.W.2d at 59. The landowners filed their objections on a timely basis, and the condemnor's counsel even conceded it received copies of the objections through the mail. *Id.* Nonetheless, no citation was issued or served. *Id.* Two years later, in June of 1974, the condemnor exchanged surety bonds for the previously deposited cash deposits. *Id.* Importantly, the court noted that no pleadings were filed in connection with the substitution of the surety bonds for the cash deposits and no orders were entered. *Id.*

The condemnation case remained dormant for eleven years after the objections were filed. Finally, in 1983, the condemnee requested a trial setting and the condemnor filed motions to dismiss the landowner's objections and to adopt the award of the special commissioners as judgments of the court. *Id.* The trial court granted the motion. *Id.*

The Court of Appeals affirmed, noting "no pleadings were filed by Brazos which would constitute an appearance waiving the necessity of citation." *Id.* at 60.

13

The only documents filed by the City in this case were the certificates of discovery. CR 47-50. Had the City filed a pleading, the result might be different. *See Gordon v. Conroe ISD*, 789 S.W.2d 395, 397 (Tex.App.–Beaumont 1990, no writ).

In *Skaggs v. City of Keller*, the condemnor initiated proceedings in September of 1992, eventually depositing the commissioners award in October of 1992. 880 S.W.2d at 265. Thereafter, the condemnees filed their objections and served those objections on the city attorney for Keller on November 4, 1992. *Id.* The City deposited the award of $90,000.00 in the court registry on December 4, 1992. *Id.* In the deposit document, the condemnor asked the trial court to enter an order allowing the condemnor to enter upon and take possession of the condemned property. *Id.*

Nine months later, in September of 1993, the trial court issued a notice of intent to dismiss for want of prosecution and, thereafter, in October of 1993 the trial court dismissed the condemnees' objections to the special commissioners award. *Id.* The court confined its analysis to whether the notice of deposit and the request for possession constituted an appearance.[2] The court eventually concluded that the filing of the notice of deposit and request for an order to enter upon the property did not amount to an appearance and waiver of citation. *Id.*

---

[2]The court declined to consider whether any interrogatories or requests for production served by the condemnor constituted a waiver of service because the alleged discovery requests were not in the record on appeal. *Id*. at 266.

14

Bonham does not argue that filing the certificates of discovery constituted a general appearance for which citation is waived. But if it had, the result would be the same. In *Dawson-Austin v. Austin*, 968 S.W.2d 319 (Tex. 1998) the court dealt with what type of activity constituted a general appearance which in turn waived service of process.[3] In that case, a non-resident filed an Unverified Special Appearance, a Motion to Quash Service, a Plea to the Jurisdiction, a Plea in Abatement, and Subject to All Those Things, an Original Answer. *Id.* at 321. The unverified special appearance was found by the trial court to constitute a general appearance. On appeal to the Supreme Court, the court cited *Moore v. Elektro-Mobil Technik GMBH*, 874 S.W.2d 324, 327 (Tex. App.–El Paso 1994, writ denied), which stated that:

> A party enters a general appearance whenever it invokes the judgment of the court on any question other than the court's jurisdiction; if a defendant's act recognizes that an action is properly pending or seeks affirmative action from the court, that is a general appearance.

968 S.W.2d at 322. The Supreme Court then quoted another case, *Investors Diversified Services, Inc. v. Bruner*, 366 S.W.2d 810, 815 (Tex. Civ. App–Houston 1963, writ ref'd., n.r.e.) to the effect that:

> [A]lthough an act of defendant may have some relation to the cause, it does not constitute a general appearance if it in no way recognizes that the cause is properly pending or that the court has jurisdiction and no

---

[3]Most of the cases which deal with what constitutes a general appearance arise in cases dealing with special appearances.

15

affirmative action is sought from the court.

Nothing the City did in this case rises to the level of seeking affirmative action (or any action for that matter) from the Trial Court.

In a condemnation context, filing pleadings constitutes a general appearance. *Gordon*, 789 S.W.2d at 397. Here, the certificates of discovery were not pleadings, sought no relief and sought no affirmative action of any sort from the Court. The certificates of discovery simply acknowledged that the parties had exchanged written discovery without Trial Court involvement.

In another case, the Supreme Court was presented with a question of whether the filing of a Rule 11 agreement and thereafter engaging in discovery in connection with a special appearance constituted a general appearance. *Exito Electronics Co., Ltd. v. Trejo*, 142 S.W.3d 302, 303 (Tex. 2004). In *Exito*, a non-resident was sued and, before filing an answer, filed a Rule 11 agreement with the plaintiff extending the deadline for the defendant to file its initial responsive pleading. *Id.* at 304. The plaintiff and defendant even entered into two additional Rule 11 agreements further extending the time to answer. *Id.* The defendants also engaged in pretrial discovery, with the defendant even seeking relief from the trial court regarding responses to requests for admission. *Id*.

After losing at the trial court, the defendant appealed to the court of appeals,

which held that the defendant had waived the special appearance by filing the Rule 11 agreements and participating in discovery. *Id.* On appeal to the Texas Supreme Court, the Court found that the Rule 11 agreement "did not address the trial court" and did not otherwise seek relief or affirmative action by the trial court. *Id.* at 306. The Supreme Court concluded that the Rule 11 Agreement did not amount to a tacit admission that the action was properly pending and did not constitute a general appearance. *Id.* In addition, the Supreme Court also noted that engaging in discovery, and even seeking relief in the trial court in connection with discovery matters, did not constitute a general appearance. *Id.* at 307.

If filing multiple Rule 11 Agreements and engaging in discovery is not a general appearance, then filing a certificate of written discovery is likewise not a general appearance. No affirmative relief of any kind was sought in either instrument. The certificates simply acknowledge what the parties had done without Trial Court involvement.

Citation was not waived and the City did not enter a general appearance. The City respectfully asks this Court to affirm the judgment of the trial court.

## CONCLUSION

The Trial Court was clearly within its authority and discretion to dismiss the case for want of prosecution. As the objecting party, Bonham was required to serve

and cite the City with its Objections to the Award of the Special Commissioners under TEX. PROP. CODE § 21.018(a), and failed to do so until January 8, 2016. After a preliminary exchange of discovery, the case remained completely dormant for seven and a half years until the City filed its Motion to Render Final Judgment to secure its easements in the subject property on December 15, 2015. Thus, having considered the totality of the circumstances and the actions of both parties, the Trial Court properly dismissed the judicial proceeding for want of prosecution and entered judgment according to the Special Commissioners' award consistent with prevailing principles of both law and equity.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, upon hearing hereof, Appellee City of Corsicana prays that the Court affirm the judgment of the Trial Court and the City be awarded such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**JACOBSON LAW FIRM, P.C.**
733 West Second Avenue
Corsicana, Texas 75110
(903) 874-7117
Fax: (903) 874-7321
tljacobson@sbcglobal.net


By:    /s/ Terry Jacobson
        Terry Jacobson
        State Bar No. 10528000

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on counsel for Plaintiff, John H. Jackson, P.O. Box 1, Powell, Texas, 75110, 301 W. 3rd Ave. Corsicana, Texas 75110, by certified mail, return receipt requested this 7th day of September, 2016.

        /s/ Terry Jacobson
Terry Jacobson

## CERTIFICATE OF COMPLIANCE

This Appellee's Brief contains 4,152 words.

        /s/ Terry Jacobson
Terry Jacobson